KLEES, Judge.
This litigation arises from the consolidated appeals concerning a default judgment granted in favor of the plaintiff, John Yani-ga, against Coleman American Moving Service, Inc. Plaintiff had filed suit seeking past due wages, and penalties and attorney fees available under R.S. 23:631 and 632. Purported service and citation were made on the defendant, Coleman American Moving Services, Inc., in accordance with C.C.P. articles 1261 and 1262. A default judgment was entered in Yaniga’a favor on May 24, 1983. Defendant Coleman American appealed the judgment arguing that service was not valid, and in the alternative, that plaintiff was not entitled to penalties and attorney fees.
Coleman American then filed a petition to annul the default judgment in the same proceeding in which the default judgment was granted. Coleman also motioned for, and was granted, a stay of the appeal filed previously. In the same proceeding, Coleman later filed a motion to recall, vacate, set aside, and annul the judgment. On June 27, 1984, a partial judgment on the motion was rendered by the trial court. The trial court found that the service and citation upon defendant was performed correctly in accordance with C.C.P. articles 1261 and 1262. The court further held that an evidentiary hearing was necessary to rule on defendant’s second argument, i.e., thát plaintiffs attorney and defendant had an oral agreement that defendant need not filé an answer until notified by the plaintiffs attorney. The trial judge rendered judgment on defendant’s second argument on October 31, 1984. The judge granted the defendant’s motion and annulled the default judgment, finding that an agreement did exist between the plaintiff’s attorney and the defendant.
On November 27,1984, plaintiff appealed the trial court’s judgment of October 31, 1984, annulling the default judgment (CA-3317). The defendant answered the appeal on November 17, 1984. In its answer, the defendant requested this court to review the correctness of the judgment rendered by the trial court on June 27, 1984. Thus, on appeal we are called upon to review the validity and correctness of all three judgments rendered by the trial court.
In the first appeal, defendant, Coleman American argued that service and citation was not valid and thus, the default judgment should be set aside. Plaintiff, John Yaniga, contended that service and citation were perfected in accordance with C.C.P. articles 1261 and 1262. Code of Civil Procedure article 1261 states that when a corporation no longer has a registered agent for service of process due to death, resignation or removal, service of citation may be made at any place where the business of the corporation is regularly conducted, by service on an officer, director, or resident agent or on any employee of suitable age and discretion. Article 1262 provides that if the deputy sheriff is unable, after diligent effort, to make service as provided in Article 1261, then service may be effected through the secretary of state.
In the present case, service was attempted on Coleman American’s registered agent, Patrick Coleman. When the deputy sheriff arrived at 7020 Franklin Avenue, New Orleans, (the address listed as the agent’s address), he was informed that Patrick Coleman had moved out of the state, and was given Mr. Coleman’s new address in Alabama. Service was then effected upon the corporation through the Secretary of State. We must hold that the service effected upon the defendant, Coleman American, was not valid.
We conclude that Patrick Coleman’s removal from the state constituted “removal” of a registered agent as contemplated in C.C.P. article 1261. The appropriate action to have been taken was attempted service on an officer, director, resident agent, or employee of suitable age and discretion of Coleman American. The plaintiff knew that, although Patrick Coleman may have left the state, the corporation was still doing business in the state and had not *1228 moved from its location at 7020 Franklin Avenue, New Orleans. As service was not attempted on any officer, director, resident agent, or employee of Coleman American, the requirements of C.C.P. article 1261 have not been met. Accordingly, the default judgment rendered by the trial court is set aside and this matter is remanded to the trial court for action consistent with this opinion. All costs of this appeal (CA-1261) are taxed against plaintiff, Yaniga.
Having reached this result we need not consider the validity of the judgments concerning the nullity of the first judgment and we dismiss the appeal in CA-3317 at the cost of defendant Coleman American.
JUDGMENT SET ASIDE AND REMANDED.