WILLIAMS, Judge.
The sole issue in this appeal is whether service of process made on defendant’s manager employee who was not a registered agent for service of process was effective. We hold that, because defendant’s registered agent had not died, resigned or been removed as contemplated in LSA-C.C.P. art. 1261, service on defendant’s employee was ineffective. Therefore, we reverse the ruling of the trial court and set aside the default judgment.
Plaintiff, Gerhardt’s, Inc., filed a petition on an open account requesting that service of process be made on defendant, American Diesel Equipment, Inc., through its agent for service of process, Joachim Sampedro. Service was attempted unsuccessfully on May 19, 1988. The deputy sheriff who attempted service testified that a Mrs.- Harvey had identified herself as an employee of defendant and informed him that Mr. Sampedro was out of state, date of return *81 unknown. A notation in the upper left hand corner of the citation reads: “Out of state. Mrs. Harvey.” Service was again attempted on June 9, 1988. When Mr. Sampedro was unavailable this time, the sheriff effected service on defendant through Mary Castaño, a manager employee of defendant.
Plaintiff obtained a default judgment against defendant in August, 1988. Defendant filed a petition to annul the default judgment based on insufficiency of service of process, which was granted on December 13, 1988. Then in June, 1989, the trial court rendered judgment reinstating the default judgment. It is from this that defendant appeals.
LSA-C.C.P. art. 1261 reads, in pertinent part:
A. Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
B. If the corporation has failed to designate an agent for service of process, or if there is no registered agent by reason of death, resignation, or removal, service of the citation or other process may be made at any place where the business of the corporation is regularly conducted either:
(1) By personal service on any officer, director, or resident agent named in the articles of incorporation or in the last report previously filed with the secretary of state, or
(2) By personal service on any employee of suitable age and discretion. [Emphasis added.]
LSA-C.C.P. art. 1262 reads:
If the officer making service certifies that he is unable, after diligent effort to have service made as provided in Article 1261, then the service may be made personally on the secretary of state, or on a person in his office designated to receive service of process on corporations. The secretary of state shall forward this citation to the corporation at its last known address.
Appellant contends that service on defendant’s employee was improper since the registered agent was not unavailable “by reason of death, resignation, or removal.” According to appellant, plaintiff could not properly use an alternate method of service before diligent efforts to serve defendant’s agent for service of process proved unsuccessful. Even then, appellants urge, service in this case would have been proper only under Article 1262 through the Secretary of State, since defendant’s agent for service existed but was merely unavailable. We agree.
Clearly, defendant in this case had a designated agent, Mr. Sampedro, for service of process. Further, it is clear that Sampedro had not died or resigned. Thus, we must decide whether Sampedro’s temporary absence from the State constitutes “removal” under Article 1261. We hold that it does not. Rather, “removal” as used in that article contemplates removal as registered agent so that the defendant corporation no longer has a registered agent for service of process.
Neither the Code of Civil Procedure nor the jurisprudence has defined the parameters of the term “removal” in Article 1261. However, this Court has indicated that Article 1261 requires more than a temporary absence of the registered agent.
In Yaniga v. Coleman American Moving Services, Inc., 483 So.2d 1226, 1227 (La.App. 4th Cir.1986), this Court was faced with the issue of whether service on the Secretary of State was proper where the defendant’s registered agent had moved out of the state and service was not attempted on an officer, director, resident agent, or employee. In holding that the registered agent’s permanent change of address to another state constituted “removal” within the meaning of Article 1261, so that the proper alternative service was on an employee under Article 1261(B)(2) rather than on the Secretary of State under Article 1262, we considered the proper interpretation of Article 1261. The Court stated, in pertinent part:
Code of Civil Procedure (A)rtiele 1261 states that when a corporation no longer has a registered agent for service of *82 process due to death, resignation or removal, service of citation may be made ... on an officer, director, or resident agent or on any employee of suitable age and discretion. [Emphasis added.]
In the instant case, although defendant’s registered agent was temporarily out of state, defendant did have a designated agent for service of process. Defendant still had this registered agent at the time service was attempted. At that time, plaintiff was not told that Sampedro had moved, but only that his date of return was not known. Thus, the terms of Article 1261(B) were not satisfied in this case. If the officer was unable, after diligent effort, to effect service on Sampedro under these facts, the appropriate action would have been service on the Secretary of State under Article 1262.
Accordingly, the default judgment in favor of plaintiff is set aside, and this case is remanded for further proceedings.
REVERSED AND REMANDED.