761 So.2d 50 (2000)
Bertrand BUTLER
v.
Charles HARRINGTON d/b/a Metro Home Improvement.
No. 99-CA-2549.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 2000.
*51 Jason E. Cantrell, Harry E. Cantrell, Jr., The Cantrell Law Firm, New Orleans, LA, Counsel for Plaintiff-Appellee.
Peter J. Wanek, Michele B. Prokop, Campbell, McCranie, Sistrunk Anzelmo & Hardy, Metairie, LA, Counsel for Defendant-Appellant.
(Court composed of Judge WILLIAM H. BYRNES, III, Judge CHARLES R. JONES, Judge JAMES F. McKAY, III).
BYRNES, Judge.
Bertrand Butler filed suit against Charles Harrington d/b/a Metro home Improvement on December 2, 1996 for damages sustained as a result of Harrington's failure to finish home improvement work contracted to be done and damages sustained as a result of what work was done.
The parties entered into an agreement dated July 21, 1995, to have the work done. The agreement was on a form entitled in oversized, bold-faced letters: "Metro Home Improvement." It was signed by "B. Butler" and "Charles H. Harrington," and was in the amount of $5938.00. In the section entitled "Terms" there is the handwritten notation presumably calling for stage or installment payments: "1/3 1/3 1/3."
The return on the citation shows that it was personally served on "Harrington, Charles" on December 13, 1996. No address is given on the return. On December 20, 1996, Charles A. Harrington filed a motion for extension of time in which to plead which was signed:

Charles A. Harrington

Metro Home Improvement
Pursuant to that motion the trial court signed an order allowing an extension until January 20, 1997. A judgment by default in the sum of $9,976.00 was rendered against "Charles Harrington d/b/a Metro Home Improvement" on April 18, 1997.
On June 11, 1999, the appellant, Charles H. Harrington (hereinafter sometimes referred to as "Harrington"), filed a Petition For Annulment of Judgment on the grounds that he had never been served and that Metro Home Improvement was really Metro Home Improvement, Inc., a corporation of which he was the president. Charles H. Harrington contends that service was made not on him but on his son, *52 Charles A. Harrington, at corporate headquarters. Charles H. Harrington further alleges that his son is a vice-president of the corporation.
Harrington contends that his position is corroborated by the fact that it was his son who filed the motion for an extension of time in which to plead in response to Mr. Butler's original petition. The first page of Harrington's brief states that:
Metro's Home Improvement, Inc.'s principle office is located at 2330 Helena Street, Kenner Louisiana. This office has had the same address for over fifteen years.
This statement is not consistent with the initial report of Metro Home Improvement, Inc. dated February 17, 1994 which states that the registered office is 1101 24 th St., Kenner, Louisiana. The two Harrington's are listed as the first directors and Charles H. Harrington is listed as the registered agent.
As noted earlier, the contract signed by Mr. Butler and Charles H. Harrington did not indicate that Metro was a corporate entity, and there is nothing on the document in connection with Harrington's signature to indicate that he was signing in anything but his individual capacity. We also note that the original motion for extension of time failed to indicate that Metro was anything other than a trade name. Based on the record before us, we find no error in the failure of the trial court to grant corporate immunity to Charles H. Harrington. Moreover, corporate immunity is not a basis for annulling the judgment.
Harrington's allegation that he was never served, if true, is a basis for annulling a judgment against him. The judgment contains no middle initial. The allegations in the original petition contain no middle initial. The service instructions refer to Charles H.[1] Harrington at an address acknowledged to be his. But the transcript of the hearing on the petition of nullity contains the following admission by the attorney for Mr. Butler:
"For the sake of argument, Your Honor, we did check the registered agent, and it was a Charles Harrington. I don't recall if it distinguished between "H" or "A," but it was served on the proper place of business.[2]
Charles A.[3] Harrington received it. He also filed an extension of time to answer. We will try to locate Metro Home Improvement.
This admission by Mr. Butler's attorney is corroborated by the motion for extension of time in which to file responsive pleadings filed by Charles A. Harrington. We find that the original petition was never served on Charles H. Harrington. The original judgment is, therefore, null as to Charles H. Harrington.
We infer from the original service instructions and the fact that the contract was signed by Charles H. Harrington that the suit was against him, if against any individual. The judgment was rendered against "Charles Harrington d/b/a Metro Home Improvement." We infer that it was the intention of the court to render judgment against an individual; that individual could be none other than Charles H. Harrington; but that individual was never served. The acknowledged service on Charles A. Harrington is not sufficient to bind Charles H. Harrington, and a judgment rendered ostensibly against an individual is not sufficient to bind a corporation never named as such. Moreover, the acknowledged service on Charles A. Harrington would not support a default judgment against the corporation because the record shows that Charles H. Harrington, *53 not Charles A. Harrington, was the registered agent for service of process. In serving Charles A. Harrington, the process server failed to certify that he was unable to serve the registered agent after due diligence in accordance with LSA-C.C.P. art. 1261 B.
For the foregoing reason we annul the judgement of April 18, 1997, and remand for further proceedings consistent herewith.
JUDGMENT ANNULLED; CASE REMANDED.
JONES, J., DISSENTS WITH REASONS.
JONES, J., dissenting with reasons.
I am in complete disagreement with the majority and for that reason I must dissent.
Petitioner for annulment of judgment, Charles H. Harrington, alleged in his petition to annul at paragraph 4 that...
"... the service copy was apparently received by the Civil Sheriff on December 5, 1996 and return of service of the Citation evidences that personal service was made on the defendant, Charles Harrington, on December 13, 1996 by Deputy M. Coluda."
Metro Home Improvement, Inc., is a domestic corporation which has been doing business under the laws of the State of Louisiana for over five years. Metro Home Improvement, Inc.'s president is Charles H. Harrington, whose son, Charles A. Harrington is its vice president.
Thus, the thrust of petitioner's petition and argument to the court was that the judgment is invalid as to him. And the trial court agreed with this argument, choosing not to grant his Petition for Annulment because ...
"... the judgment is only against Charles Harrington. That's the problem, is (sic) that the judgment is not against Charles "A" or "H", it's just Charles Harrington."
For this Judge, the petitioner is premature and not entitled to the relief afforded by the majority. The judgment is, at best, ambiguous as to whom it applies, either Charles Harrington or Charles A. Harrington or Charles H. Harrington. Further, until this petitioner is specifically found to be liable for the debt conveyed by this judgment, he has no standing to seek its nullity. For these reasons, I respectfully dissent.
NOTES
[1] Emphasis added
[2] The return on service fails to indicate where the service was made as is required by LSA-C.C.P. art. 1292. As both parties agree that service was made at the place of business, this defect is not an issue in the case.
[3] Emphasis added