797 So.2d 183 (2001)
COMMERCIAL RENOVATIONS, INC.
v.
SHONEY'S OF BOUTTE, INC.
No. 2000-CA-2319.
Court of Appeal of Louisiana, Fourth Circuit.
October 10, 2001.
Rehearing Denied November 5, 2001.
Daniel J. Daigle, Metairie, LA, Counsel for Plaintiff/Appellee.
Clayton J. Borne, III, Metairie, LA, Counsel for Defendant/Appellant.
Court composed of Judges MIRIAM G. WALTZER, PATRICIA RIVET MURRAY, and MAX N. TOBIAS, Jr.
MAX N. TOBIAS, Jr., Judge.
Defendant, Shoney's of Boutte, Inc. ("Shoney's"), appeals from a district court judgment confirming an arbitration award rendered in favor of the plaintiff, Commercial Renovations, Inc. ("Commercial"). We affirm.
On 20 March 1997, Shoney's and Commercial entered into a contract for the construction of a Shoney's restaurant on U.S. Highway 90 in Boutte, Louisiana. Shoney's and Commercial executed the contract on the American Institute of Architects (AIA) Standard Form of Agreement Between Owner and Contractor[1] ("the Contract"). On page one of the Contract the name and address of the Owner is listed as: Shoney's of Boutte, Inc., Wayne Vidrine, 4400 Zenith Street, Metaire, Louisiana, 70003. Subparagraph 9.1.2 of the Contract incorporated by reference the General Conditions of the Contract for Construction[2] (the "General Conditions of the Contract").
*184 Subparagraph 4.5.1 of the General Conditions of the Contract specifically provides in pertinent part:
Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof, ....
Furthermore, Subparagraph 4.5.2 provides:
Claims between the Owner and Contractor not resolved under Paragraph 4.4 shall, if subject to arbitration under Subparagraph 4.5.1, be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect, unless the parties mutually agree otherwise. Notice of demand for arbitration shall be filed in writing with the other party to the Agreement between the Owner and Contractor and with the American Arbitration Association, and a copy shall be filed with the Architect.
After Shoney's allegedly failed to pay the amount due under the contract, Commercial requested arbitration pursuant to Subparagraph 4.5.1. As required by Subparagraph 4.5.2, Commercial issued a written notice of demand for arbitration to Shoney's, the American Arbitration Association, and the architect. Commercial sent the written notice of demand to Shoney's by certified mail, return receipt requested, to Mr. Vidrine at Shoney's address as set forth on page one of the Contract.
The arbitration hearing was held on 12 April 2000, but Shoney's failed to appear. Based on the evidence submitted by Commercial, the Arbitrator rendered judgment against Shoney's and awarded Commercial $65,732.47.
Commercial subsequently filed a motion to confirm the arbitrator's award in Orleans Parish Civil District Court pursuant to La. R.S. 9:4209.[3] At the show cause hearing on the motion to confirm, Shoney's argued to the trial court that the arbitrator's award was an absolute nullity because Commercial failed to serve notice of the arbitration on Mr. Vidrine, its registered agent for service of process. Shoney's counsel, however, acknowledged that Mr. Vidrine had moved from the address set forth in the Contract but failed to notify Commercial of his change of address. The trial court found that Commercial had complied with the notice requirements under the Contract and rendered judgment in favor of Commercial confirming the arbitrator's award.
Shoney's now appeals, arguing that its due process rights have been violated because the arbitration proceeded absent service upon Mr. Vidrine. In its brief, Shoney's acknowledges that service was made on the secretary of the corporation, but contends that because it is a corporation registered with the Office of the Secretary of State for the State of Louisiana, notice of demand had to be served upon its registered agent for service of process pursuant to La. R.S. 12:104. We disagree.
Pursuant to Subparagraphs 4.5.1 and 4.5.2 of the General Conditions of the Contract, Shoney's agreed that the arbitration of any claims between it and Commercial would be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. *185 Rule 6 of the Construction Industry Arbitration Rules of the American Arbitration Association provides in pertinent part:
Arbitration under an arbitration provision in a contract shall be initiated in the following manner.
a) The initiating party (hereinafter claimant) shall, within the time period, if any, specified in the contract(s), give written notice to the other party (hereinafter respondent) of its intention to arbitrate (demand), which notice shall contain a statement setting forth the nature of the dispute, the amount involved, if any, the remedy sought, and the hearing locale requested, and
b) shall file at any regional office of the AAA two copies of the notice and two copies of the arbitration provisions of the contract, together with the appropriate filing fee as provided in the schedule of administrative fees.
Rule 30 of the Construction Industry Arbitration Rules of the American Arbitration Association provides:
[T]he arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of an award.
Regarding written notice of a demand for arbitration, Subparagraph 13.3.1 of the General Conditions of the Contract provides:

Written notice shall be deemed to have been duly served if delivered in person to the individual or a member of the firm or entity or to an officer of the corporation for which it was intended, or if delivered at or sent by registered or certified mail to the last business address known to the party giving notice. (Emphasis added.)
As previously stated, Commercial sent written notice of demand for arbitration to Shoney's at its last known address, i.e., the address set forth on page one of the Contract. The record contains a signed postal service return receipt, evidencing that the written notice was sent by certified mail and received by J. Haik at the Zenith Street address. At the arbitration hearing, Commercial presented to the arbitrator the affidavit of Mary Smith, the legal secretary for Commercial's attorney, Daniel J. Daigle. Ms. Smith averred that on 14 January 2000, she mailed, via certified mail, return receipt requested, the arbitration demand to Shoney's at its address set forth in the Contract. Attached to Ms. Smith's affidavit was a copy of the returned receipt indicating the arbitration demand was received and signed for by J. Haik. In addition, Ms. Smith averred that on 30 March 2000, she sent copies of Commercial's arbitration exhibits via Federal Express to Shoney's at the Zenith Street address, but Federal Express returned them, informing her that they were not deliverable. Lastly, Ms. Smith averred that on 7 April 2000, she personally delivered the arbitration exhibits to Mr. Vidrine at his residence. Even though Shoney's failed to appear at the arbitration hearing, once Commercial introduced evidence that it sent written notice to Shoney's in accord with Subparagraph 13.1.1 of the General Conditions of the Contract, the arbitrator had the authority to conduct the hearing pursuant to Rule 30 of the Construction Industry Arbitration Rules of the American Arbitration Association.
Shoney's cites Butler v. Harrington, 99-2549 (La.App. 4 Cir. 4/12/00), 761 So.2d 50, in support of its argument that service had to be made on its registered agent for service of process. In Butler, supra, the court found that service made on the corporation's vice-president, who was not its registered agent for service of process, *186 was insufficient to support a default judgment against the corporation. Because Butler involved a breach of contract suit filed in a court (First City Court of New Orleans) and not an arbitration demand, we find it is inapplicable to this case.
La. R.S. 9:4209 provides in part:
At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211.
The record before us discloses that Shoney's did not file a motion in the trial court to vacate, modify, or correct the arbitrators' award as prescribed in La. R.S. 9:4210 and 9:4211. Absent such a motion, we find the trial court properly rendered judgment confirming the arbitrator's award in favor of Commercial.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] AIA Document A101, 1987 Edition.
[2] AIA Document A201, 1987 Edition.
[3] Shoney's asserts in its appellate brief that it filed an opposition to Commercial's motion to confirm the arbitrator's award. However, a review of the record fails to disclose that a written opposition was filed.