| MOAN BERNARD ARMSTRONG, Chief Judge.
Defendant-appellant, Premiere Automotive, L.L.C., d/b/a Toyota of New Orleans, appeals a default judgment in favor of plaintiff-appellee, AMlah Washington, awarding Ms. Washington $7,798.71, based on a finding that Premiere Automotive failed to disclose that a vehicle it sold to Ms. Washington was a salvage vehicle with a reconstructed title.
While the appellant raises several issues, there is one that is immediately dispositive of this appeal: Whether service of process upon the secretary of a registered agent for service of process for a Limited Liability Company is valid. The question of adequacy of service on an L.L.C. is res nova.
Plaintiff alleges that Premiere Automotive is a Limited Liability Company in her petition. It is undisputed that Premiere Automotive is a Limited Liability Company.
Edwin A. Stoutz, Jr., Premiere Automotive’s attorney, is also the registered agent for service of process for the L.L.C. While the return shows service on Mr. Stoutz, there is additionally a handwritten reference to: “J. Fawn — sec.” Plaintiff does not contest Premiere Automotive’s contention that service was not made on LMr. Stoutz personally, but rather on his secretary, Ms. Fawn. Instead, plaintiff makes the following argument in brief:
In its brief, Premiere admits that service of the petition was made on Mr. Stoutz[’s] secretary, at the correct address. Under these facts of this case, there is a presumption that Mr. Stoutz[’s] secretary was herself an agent *? to receive Mr. Stoutz[’s] mail, correspondence, and service of legal filings when delivered to ... his office by the sheriff. Premiere does not dispute that Mr. Stoutz[’s] secretary was properly charged with these duties, and thus, was an apparent and actual agent for him in those matters.
La. C.C.P. art. 1266 sets forth the requirements for service of process upon an L.L.C:
A. Service of citation or other process on a domestic or foreign limited liability company is made by personal service on any one of its agents for service of process. [Emphasis added.]
B. If the limited liability company has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods:
(1) Personal service on any manger if the management of the limited liability company is vested in one or more managers or if management is not so vested in managers, then on any member.
(2) Personal service on any employee of suitable age and discretion at any place where the business of the limited liability company is regularly conducted.
(3) Service of process under the provisions of R.S. 13:3204, if the limited liability company is subject to the provisions of R.S. 13:3201.
(4)Repealed by Acts 2001, No. 407, § 2.[1]
IsThe question of service on an L.L.C. appears to be res nova. La. C.C.P. art. 1266 A requires that personal service be made on the registered agent if there be one. Service on Mr. Stoutz’s secretary does not literally comply with the personal requirement of La. C.C.P. art. 1222 A. However, as noted above, plaintiff argues that Mr. Stoutz’s secretary was his “apparent and actual agent” for purposes of receiving service of process on his behalf. In support of this contention, plaintiff cites Independent Fire Ins. Co. v. Able Moving and Storage Company, Inc., (La./95), 650 So.2d 750, and Barrilleaux v. Franklin Foundation Hospital, (La.App. 1 Cir. 11/8/96), 683 So.2d 348. Service of process was not an issue in either case.
Moreover, not only does La. C.C.P. art. 1226 A set forth the basic requirement of personal service on the registered agent for an L.L.C., but La. C.C.P. art. 1266 B designates a limited number of valid reasons when service on someone other than the registered agent may be acceptable. Following the principle set forth in the maxim inclusio unius est exclusio alterius we find that by listing with specificity those instances in which it is permissible to serve someone other than the registered agent, the legislature intended to exclude instances not specifically enumerated, i.e., the legislature intended that La. C.C.P. art. 1266 be read literally when determining whether service on someone other than the registered agent is sufficient. None of the valid reasons for service on someone *1190 other than the registered agent for Premiere Automotive exist in this case. There is no indication in the record and the plaintiff makes no assertion that the process | ¿server exerted “due diligence” in attempting to serve Mr. Stoutz as required by La. C.C.P. art. 1266 B before substituting service on his secretary, Ms. Fawn.
La. C.C.P. art. 1261 which sets forth the requirements for service of process for registered agents of corporations in virtually identical to La. C.C.P. art. 1266, and provides as follows:[2]
A. Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
B. If the corporation has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods:
(1) Personal service on any officer, or director, or on any person named as such in the last report filed with the secretary of state.
(2) Personal service on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted.
(8) Service of process under the provisions of R.S. 13:3204, if the limited liability company is subject to the provisions of R.S. 13:3201.
The only differences between La. C.C.P. art. 1261 concerning service on registered agents for corporations and La. C.C.P. art. 1266 concerning service on registered agents for L.L.C.’s is to be found in the language highlighted above in La. C.C.P. art. 1261. As may be readily seen there are no differences of substance, the only differences being the substitution of the word “corporation” for “limited liability company” and the use of corporate terminology in 1261 B(l) rather than |fiL.L.C. terminology. Therefore, based on the striking similarity of language and purpose between La. C.C.P. art. 1261 and 1266, we find that cases under 1261 may serve as authority for cases arising under 1266.
Analogous cases involving corporations uniformly support Premiere Automotive’s contention that service on the secretary of its registered agent is not tantamount to personal service on the registered agent himself and is not legally sufficient. In Barrow v. Fair Grounds Corp., 00-0873 (La.App. 4 Cir. 3/7/01), 782 So.2d 697, this Court held that service on a receptionist of a registered agent was not legally sufficient. In Butler v. Harrington, 99-2549 (La.App. 4 Cir. 4/12/00), 761 So.2d 50, this Court held that service on the vice-president of a corporation who had the same name with the exception of his middle initial as his father was not legally sufficient where the father was the president of the corporation and its registered agent. In Gerhardt’s v. American Diesel Equipment, Inc., 569 So.2d 80 (La.App. 4 Cir.1990) this court held that service on a corporation’s manager-employee was not legally sufficient where the corporation’s registered agent had not died, resigned or been removed, but was merely temporarily absent from the state and the date of his return was unknown.
*1191 These cases indicate clearly that this Court takes a literal view of the requirements for service on a registered agent, consistent with the doctrine of inclusio uni-us est exclusion alterius. Following Butler, Gerhardt’s and especially Barrow we hold that service on Mr. Stoutz’s secretary was not effective. Accordingly, the judgment of the trial court is vacated and the case is remanded for further proceedings consistent with this opinion.
|nAs we have disposed of this case based solely on insufficiency of service of process, we have no need to review the tortured procedural history of the case in which both parties acknowledge that there may have been some procedural glitches arising out of the fact that inconsistent actions were taken by the trial judge and an ad hoc judge, each unaware of the inconsistent actions of the other. For the same reason, we need not address the failure of the record to contain any evidence of the entry of preliminary default, an issue not raised by the parties.
VACATED AND REMANDED.

. Former La. C.C.P. art. 1266 B(4), since repealed by Acts 2001, No. 407, § 2, read as follows:
(4) Service of process on an attorney appointed to represent the limited liability company under Article 5091 if the person attempting to make service certifies that he is unable, after due diligence, to make service on a manager, member, or employee as provided in Subpar-agraphs (1) and (2).

. The highlighted words are the only words that are different from the corresponding Code of Civil Procedure Article 1266 concerning service on the registered agent for an L.L.C.