STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

04-919

KRIS A. DUBOIS BEST

VERSUS

RONALD J. BEST

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 993929
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Michael G. Sullivan, Glenn B. Gremillion, and J. David Painter, Judges.

REMANDED.

Kris A. Dubois Best
In Proper Person
200 Longwood Drive
Lafayette, LA 70508
(337) 984-3753
    Kris A. Dubois Best
    Plaintiff/Appellant

**Charles K. Hutchens**
**Attorney at Law**
**1704 W. University Avenue**
**Lafayette, LA 70506**
**(337) 237-4102**
**Counsel for Defendant/Appellee**
**Ronald J. Best**

GREMILLION, Judge.

In this case, the plaintiff, Kris A. Dubois Best, appeals the final judgment partitioning community property between her and her ex-husband, Ronald J. Best. For the following reasons, we remand to the trial court for further proceedings, consistent with this opinion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Kris filed a petition for custody, support, and other matters in August 1999. Ronald reconvened and requested a divorce under La.Civ.Code art. 102. A judgment of divorce was granted on March 16, 2000, however, an amended judgment was rendered on May 1, 2000, to reflect some procedural changes.

On March 16, 2000, Ronald filed a petition for partition of community property with an order setting time for filing descriptive lists and traversals. On March 23, 2000, the trial court ordered the parties to file detailed descriptive lists and, thereafter, traverse or concur in the other's descriptive lists. On July 16, 2001, Ronald filed his descriptive list of assets and liabilities. On September 27, 2001, Kris filed her descriptive list. On August 13, 2002, Kris filed another detailed descriptive list.

In August 2002, a hearing officer conference was held in which the hearing officer recommended binding arbitration to settle the community property issues. A binding arbitration agreement was signed by Ronald and Kris and attorney Robert L. Cole, who was designated as the arbitrator.

The trial court, in its January 26, 2004 judgment, adopted Cole's findings. On February 20, 2004, Kris filed a motion and order to set trial on the

1

merits.  The trial court declined to sign the order on April 12, 2004.  Kris now appeals.  She also filed a motion to supplement the record on appeal, which was granted.

## ISSUES

Kris filed her appeal in proper person and made seven assignments of error.  We have determined that she actually assigned ten different errors as follows:

1.  Was the trial court authorized to order arbitration when she only agreed to mediate?

2.  Was she "coerced" and "tricked" into affixing her signature on the arbitration agreement?

3.  Was the entire arbitration process "heavily flawed?"  Kris claims numerous flaws including:

    a)  the failure to update property values following damage from a 2002 hurricane;

    b)  improper valuation dates; and,

    c)  using different combined descriptive lists at the arbitration.

4.  Was the arbitrator biased and partial throughout the proceedings?

5.  Did the trial court err in granting an order forcing her to attend the second arbitration?

6.  Did the trial court err in allowing an ad hoc judge to sign a Judgment?

7.  Was it error for her attorney to fail to file a Motion for Invalidity of the Arbitrator's award?

8.  Was it error for the trial court to fail to reschedule another meeting as her attorney could not attend an April 12, 2004 meeting?

9. Was it error for the law clerk (referred to only as Nancy) to tell her not to go to the April 12, 2004 meeting? Was it error that the law clerk told her that she would be able to plead invalidity of the arbitration at another hearing?

10. Did the trial court err in making the judgment res judicata at the April 12, 2004 meeting when she did not attend the meeting because Nancy had told her to stay home?

## PROCEDURAL ISSUES

We first note that Kris failed to follow the procedure prescribed by the Louisiana Revised Statutes in the arbitration provisions. Pursuant to La.R.S. 9:4210 and 9:4211, a party must file a motion to vacate, modify, or correct an arbitration award. *See also Commercial Renovations, Inc. v. Shoney's of Boutte, Inc.,* 00-2319 (La.App. 4 Cir. 10/10/01), 797 So.2d 183. Additionally, we note that the record Kris provided is incomplete. There is no transcript of the second arbitration session, which was held on July 23, 2003. However, despite these deficiencies and in the interest of justice, we will address her remaining issues.

## DISCUSSION

Kris's brief essentially argues that the entire arbitration process was fraudulent, erroneous, and biased against her. She claims that between her numerous attorneys, Nancy the law clerk, and the arbitrator, the errors were so egregious that she should not be held accountable to the resulting judgment and that it should be declared invalid and new trial ordered. We disagree.

Louisiana Revised Statute 9:4201 states:

A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy

3

existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Both Kris and Ronald signed a "Binding Arbitration Document," which was, thereafter, also signed by the arbitrator, Cole. Yet, Kris argues at length that she agreed only to "mediate." The record is devoid of anything that would suggest she agreed to mediate, and in fact, Kris attended the two arbitration sessions. Kris suggests that her attorney's secretary stated that this was a "mediation agreement," despite its title of "Binding Arbitration Agreement." She further argues that she felt "coerced and tricked" into signing the agreement, but offers absolutely no proof whatsoever that would indicate that was the case. The "Binding Arbitration Document" states:

STATE OF LOUISIANA

PARISH OF LAFAYETTE

NOW TO THESE PRESENTS, come Robert L. Cole, hereinafter referred to as "Arbitrator", and Charlie Hutchens, attorney for Ronald J. Best, and the said Ronald J. Best individually, hereinafter referred to as "Plaintiff", and Anthony J. Fontana, Jr., attorney for Kris A. Dubois Best, and the said Kris A. Dubois Best individually, hereinafter referred to as "Defendant", who do now enter into the following arbitration contract.

PLAINTIFF and DEFENDANT do hereby agree to retain the services of ARBITRATOR for the purpose of ruling on the issues of their community property and/or property owned in indivision including reimbursement claims, if any, under the following terms and conditions.

1. ARBITRATOR shall be bound by the terms of any written stipulations entered into by the parties, and submitted to him prior to the hearing. The parties desire that the reimbursement claims involving Charter Compressors and Perto Clean shall not be subject to arbitration.

2. ARBITRATOR shall apply the law of the State of Louisiana, particularly the Louisiana Civil Code in rendering all decisions.

4

3. PLAINTIFF and DEFENDANT shall submit to ARBITRATOR a comparative detailed descriptive list of their respective individual detailed descriptive lists as required by R.S. 9:2801, showing what items or claims that are in dispute and need to be decided by the ARBITRATOR. The comparative detailed descriptive list is to be agreed to by both PLAINTIFF and DEFENDANT and submitted to the ARBITRATOR at least 5 days before the hearing. PLAINTIFF and DEFENDANT shall also file in the Court record their own individual sworn detailed descriptive lists and furnish a copy of same to ARBITRATOR 10 days in advance of the hearing.

4. The time, date and place of the hearing shall be agreed to in advance by all parties.

5. The terms and conditions of the Arbitration hearing shall be as follows (a) Only the PLAINTIFF and DEFENDANT, and their respective attorneys will be present with the ARBITRATOR at the hearing. PLAINTIFF and DEFENDANT can elect to waive their presence through their respective attorneys.

(b) If PLAINTIFF or DEFENDANT desire to testify at the hearing, they shall at their cost procure the services of a court reporter to transcribe their testimony. PLAINTIFF and/or DEFENDANT may elect to submit their testimony. PLAINTIFF and/or DEFENDANT may elect to submit their testimony by way of trial depositions, in lieu of live testimony at the hearing. All other witnesses will testify only by way of trial deposition, submitted to the ARBITRATOR five days prior to hearing.

(c) All document exhibits will be submitted on day of hearing. No exhibits will be accepted after hearing unless agreed by both PLAINTIFF and DEFENDANT. The exhibits will be legible copies only and the originals will be retained by PLAINTIFF and DEFENDANT. The exhibits will be marked for identification by ARBITRATOR.

(d) Within a reasonable period of time after the conclusion of the hearing ARBITRATOR shall render his written decision on all pertinent issues. ARBITRATOR shall not render a decision on who should receive what assets or liabilities. If PLAINTIFF and DEFENDANT cannot agree after initial decision on status of assets, liabilities, and reimbursement claims, then ARBITRATOR will entertain a second hearing for purpose of allocating assets and liabilities as provided in R.S. 9:2801.

6. All parties agree and understand that the decision of the ARBITRATOR shall be final and all agree to submit a judgment to the Court in accordance with the decision of ARBITRATOR. The

PLAINTIFF shall be responsible for drafting the judgment in accordance with the decision of ARBITRATOR, and adding hereto the actual partition of who gets which asset and liability as agreed upon, or as decided by the arbitrator.

7. All parties agree that the above referred to judgment shall be approved by both PLAINTIFF and DEFENDANT, and shall be signed by the Court as its judgement. Either PLAINTIFF or DEFENDANT may appeal the judgment to the appropriate circuit court of appeals only in accordance with the rules of the Louisiana Code of Civil Procedure and the rules of the appropriate appellate court.

8. In the event of an appeal the APPELLANT will be responsible for assembling a record of all depositions, transcripts, exhibits, this arbitration agreement and the ruling of ARBITRATOR into a neat and indexed package and filing same with the proper clerk of court. All costs of appeal are to be borne by party appealing. All other costs of the Arbitration are to be shared equally by PLAINTIFF and DEFENDANT.

9. The arbitration rules outlined in this agreement shall take precedence over any other laws in effect, however in the event that a particular situation is not covered by this agreement than the arbitration laws of the Louisiana Civil Code shall apply.

10. PLAINTIFF and DEFENDANT agree to share equally the costs and fees of the arbitrator.

It is a common tenet of the law that a person who signs a document is presumed to have read it and know its contents and cannot, thereafter, avoid its obligations by claiming that she either did not read the document, did not understand it, or that it was not explained it to her. *Dulin v. Levis Mitsubishi, Inc.,* 01-2457 (La. App. 1 Cir. 12/20/02), 836 So.2d 340, *writ denied*, 03-0218 (La. 3/28/03), 840 So.2d 576. Having reviewed this document, we find it was very clear in explaining the arbitration process, including the role of the arbitrator, and in describing the purpose of the arbitration, as well as the finality of the decision. We do not find any evidence to suggest that Kris was coerced into signing the document or that fraud or error played a part in her signing the document. The arbitration agreement is valid.

Accordingly, Kris's first two assignments of error are without merit.

## VACATING, MODIFYING, AND CORRECTING ARBITRATOR'S AWARD

Louisiana Revised Statute 9:4210 states:

In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.

A. Where the award was procured by corruption, fraud, or undue means.

B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.

C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.

D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Louisiana Revised Statute 9:4211 states:

In any of the following cases the court in and for the parish wherein the award was made shall issue an order modifying or correcting the award upon the application of any party to the arbitration.

A. Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.

C. Where the award is imperfect in matter of form not affecting the merits of the controversy.

The order shall modify an correct the award so as to effect the intent thereof and promote justice between the parties.

7

The record of the arbitration proceeding on April 17, 2003, reveals that Kris disagreed with every valuation she herself made due to various circumstances that occurred after the list was created. Kris made numerous objections that she "was not prepared." However, she had ample time to update her various attorneys with new information concerning the reduced value of various assets. The arbitrator also took into account Kris's claims that the value was reduced and proposed numerous solutions such as appraisals and listing the property for sale. Lastly, it should be noted that all of the "damaged" property was insured, hence it should be returned to its original claimed value.

Kris further disagreed with the value of every account, but had no proof of the correct value. Additionally, she was combative, interruptive, and resorted to name-calling after repeated requests by the attorneys (including her own) and the arbitrator to refrain. In short, the record reveals that she was very uncooperative during the entire arbitration process. Nothing in the partial record indicates any corruption, fraud, or undue means in procuring the award. There is nothing to indicate bias or partiality on the part of the arbitrator. In fact, the record reveals the arbitrator was more than patient in dealing with Kris's numerous interruptions and outbursts. There is no evidence of mistake or miscalculation, and we cannot find the arbitrator committed error. Kris's assignments of error three and four are without merit.

### APPLICATION AND NOTICE

It is apparent from Kris's assignment of error number six (our numbers seven, eight, and nine) and her comments at oral argument that she wanted her day

in court to contest the arbitrator's award. In that regard, we are mindful of La.R.S. 9:4209, which reads:

> At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof.

The article clearly contemplates that an application be made by one of the parties for an order confirming the award. The word "may" in the article refers to the fact that either party can make the application, but requires that the application be made within one year. Further, the last sentence of the article by the use of the word "shall" requires that a five day written notice be given to the adverse party or her attorney. We note that the statute does not provide the form of the application nor of the notice (other than it be written). In our search of the law, we were unable to find authority for the form of either. However, we have carefully reviewed the record and were unable to find any form of an application for an order to confirm the award, nor could we find any form of notice to Kris that the trial court would sign such an order. Accordingly, the judgment confirming the award was not properly entered.

We remand this case to the trial court for further proceedings once an application to confirm the arbitrator's award can be filed and five day written notice be given to the adverse party or her attorney before a hearing be held. At the hearing, the only grounds which may be considered by the trial court for vacating, modifying, or correcting the arbitrator's award shall be those set forth in La.R.S. 9:4210 and

9

9:4211. Even though we have found Kris has failed to state a viable basis for vacating, modifying, or correcting the arbitrator's award, she should be given an opportunity to be heard on these or other Article 9:4210 and 9:4211 grounds before a decision on confirming of the arbitrator's award is made.

Finally, assignments of error five, six, and ten do not fall under the limited reasons for review of an arbitrator's award under La.R.S. 9:4210 and 9:4211. *See Belleville Historic Dev., L.L.C. v. GCI Constr., Inc.,* 01-274 (La.App. 4 Cir. 1/16/02), 807 So.2d 335. Accordingly, we will not address these assignments of error.

## CONCLUSION

This matter is remanded to the trial court for further proceedings in accordance with this opinion. All costs of this appeal are assessed equally between the plaintiff-appellant, Kris A. Dubois Best, and the defendant-appellee, Ronald J. Best.

**REMANDED.**