995 So.2d 59 (2008)
Ann KALLAUNER Wife of/and Randy Kallauner
v.
ONE SOURCE CONSTRUCTION, LLC.
No. 2008-CA-0883.
Court of Appeal of Louisiana, Fourth Circuit.
October 8, 2008.
*60 Carl A. Butler, Joseph L. Montgomery, Leblanc Butler L.L.C., Metairie, LA, Counsel for Plaintiffs/Appellees.
Matthew B. Moreland, Becnel Law Firm, LLC, Reserve, LA, Counsel for Defendant/Appellant.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge DENNIS R. BAGNERIS, SR., Judge MAX N. TOBIAS, JR., Judge DAVID S. GORBATY, and Judge EDWIN A. LOMBARD).
DENNIS R. BAGNERIS, SR., Judge.
Defendant-appellant, Master Builders and Contractors, L.L.C.[1] (defendant), appeals a default judgment in favor of plaintiffs-appellees, Randy and Ann Kallauner, awarding the Kallauner's $48,200.00 and attorney's fees of $12,000.00, based on a finding that defendant breached a construction contract for the repair of plaintiffs' home. For the following reasons, we hereby vacate the judgment of the trial court and remand this matter for further proceedings.

FACTS AND PROCEDURAL HISTORY
In September 2007, plaintiffs filed suit against One Source Construction, L.L.C. for damages allegedly arising out of work performed on their residence. On November 29, 2007, plaintiff amended their petition to include, Zehner & Associates, Inc., Master Builders and Contractors, Inc., and Richard Tornabene. On December 12, 2007, Deputy Thomas Ripp personally served "Claudia C. Sect'y" with the petition and the first supplemental and amending petition. On February 4, 2008, a preliminary default was taken against Master Builders and Contractors, Inc. On February 22, 2008, the trial court confirmed the preliminary default judgment and, after hearing testimony by plaintiffs and their new contractor, awarded plaintiffs $48,200.00 and $12,000.00 in attorneys' fees. Thereafter, the notice of signing of judgment was mailed to Richard J. Mithun, the registered agent for service of process of Master Builders & Contractors, L.L.C.
On March 3, 2008, defendant filed a motion to set aside the default judgment and exception of no cause of action, which *61 the trial court denied. The trial court further denied defendant's motion for reconsideration. Defendant now appeals.

DISCUSSION
While defendant raises several issues on appeal, we will first consider his assignment of error addressing whether service of process was proper because it is dispositive of this appeal. Defendant argues on appeal that service was improper because although service was requested on defendant through its registered agent, Richard J. Mithun, the Sheriff's return indicates that personal service was made on "Claudia C./Sect'y." As such, defendant argues that because Richard J. Mithun was never properly served, service was not properly effectuated on defendant. We agree.
La. C.C.P. art. 1266 sets forth the requirements for service of process upon an L.L.C.[2]:
A. Service of citation or other process on a domestic or foreign limited liability company is made by personal service on any one of its agents for service of process.
B. If the limited liability company has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods: [Emphasis added.]
(1) Personal service on any manager if the management of the limited liability company is vested in one or more managers or if management is not so vested in managers, then on any member.
(2) Personal service on any employee of suitable age and discretion at any place where the business of the limited liability company is regularly conducted.
(3) Service of process under the provisions of R.S. 13:3204, if the limited liability company is subject to the provisions of R.S. 13:3201.
According to La. C.C.P. art. 1266, service pursuant to La. C.C.P. art. 1266 B may only be used where service pursuant to La. C.C.P. art. 1266 A cannot be effectuated with due diligence. Further, the process server must certify that he was "unable, after due diligence, to serve the designated agent" before an alternative means of service becomes acceptable In Washington v. Premiere Auto., L.L.C., this court addressed this exact issue, and stated as follows:
... not only does La. C.C.P. art. 1266 A set forth the basic requirement of personal service on the registered agent for an L.L.C., but La. C.C.P. art. 1266 B designates a limited number of valid reasons when service on someone other than the registered agent may be acceptable. Following the principle set forth in the maxim inclusio unius est exclusio alterius we find that by listing with specificity those instances in which *62 it is permissible to serve someone other than the registered agent, the legislature intended to exclude instances not specifically enumerated, i.e., the legislature intended that La. C.C.P. art. 1266 be read literally when determining whether service on someone other than the registered agent is sufficient.
* * *
Analogous cases involving corporations uniformly support Premiere Automotive's contention that service on the secretary of its registered agent is not tantamount to personal service on the registered agent himself and is not legally sufficient. In Barrow v. Fair Grounds Corp., 00-0873 (La.App. 4 Cir. 3/7/01), 782 So.2d 697, this Court held that service on a receptionist of a registered agent was not legally sufficient. In Butler v. Harrington, 99-2549 (La. App. 4 Cir. 4/12/00), 761 So.2d 50, this Court held that service on the vice-president of a corporation who had the same name with the exception of his middle initial as his father was not legally sufficient where the father was the president of the corporation and its registered agent. In Gerhardt's v. American Diesel Equipment, Inc., 569 So.2d 80 (La. App. 4 Cir.1990) this court held that service on a corporation's manager-employee was not legally sufficient where the corporation's registered agent had not died, resigned or been removed, but was merely temporarily absent from the state and the date of his return was unknown.
These cases indicate clearly that this Court takes a literal view of the requirements for service on a registered agent, consistent with the doctrine of inclusio unius est exclusion alterius. Following Butler, Gerhardt's and especially Barrow we hold that service on Mr. Stoutz's secretary was not effective.
Washington, XXXX-XXXX, pp. 3-5 (La.App. 4 Cir. 3/17/04), 872 So.2d 1187, 1189-90.
In this case, there is no certification of an unsuccessful due diligence attempt to serve the agent in the record, Mr. Richard J. Mithun, and the record is sufficient to permit this court to infer that no such attempt was made before substituting service on a secretary, in his office. Accordingly, the judgment of the trial court is vacated and the case is remanded for further proceedings consistent with this opinion.
VACATED AND REMANDED.
TOBIAS, J., concurs in the result and assigns reasons.
TOBIAS, J., concurs in the result and assigns reasons.
I respectfully concur in the result.
In their petition as amended and supplemented, the plaintiffs named "Master Builders and Contractors, Inc." as a defendant. No such entity exists. Apparently, as evidenced by the plaintiffs' later effort to correct the name of the defendant-entity in a subsequent judgment amending the original judgment obtained by confirmation of a default, the correct entity that the plaintiffs were trying to sue and obtain a judgment against was Master Builders & Contractors, L.L.C. ("MB & C"), whose designated registered agent for service of process is Richard J. Mithun.
Mr. Mithun was never served with the citation and the petition and amendment/supplementation thereof. Personal service was effected on 12 December 2007 upon "Claudia C./Sect'y." One must assume that "Claudia C." is the personal secretary of Mr. Mithun and not the "secretary" of MB & C, because limited liability companies do not have secretaries like corporations do; limited liability *63 companies have managers and members. La. R.S. 12:1311, et seq. Service upon "Claudia C." in any capacity as reflected in the record on appeal was defective as a matter of law; under La. C.C.P. art. 1266 A, service upon a limited liability company must first be attempted upon the registered agent of the entity, not a "secretary" working in the office of the registered agent. If service could not be effected upon Mr. Mithun, the registered agent, then a return showing the inability to do so "after due diligence" had to be made for and shown in the record. No such return is present in the record on appeal before us. Thereafter, service could be made upon MB & C, pursuant to La. C.C.P. art. 1266 B, upon a manager, a member, or an employee "of suitable age and discretion at any place where the business of the limited liability company is conducted." The record is devoid of evidence that "Claudia C." is a manager, member, or an employee of MB & C or that the address where "Claudia C." was served is a place of business where MB & C "regularly" conducts any its business.
Since service was never effected upon MB & C in accordance La. C.C.P. art. 1266, the judgment rendered on 22 February 2008 against "Master Builders and Contractors, Inc." is fatally defective as is the corrected judgment of 23 April 2008 rendered against "Master Builders and Contractors, L.L.C." rendered on the ex parte motion of the plaintiffs to correct the original judgment.[1] La. C.C.P. art. 2002 A(2).
NOTES
[1] The true name of the defendant is Master Builders & Contractors, L.L.C. Throughout these proceedings, plaintiffs mistakenly named defendant as Master Builders and Contractors, Inc. rather than Master Builders & Contractors, L.L.C. Plaintiffs amended the default judgment to partially correct the error in defendant's name to Master Builders and Contractors, L.L.C.
[2] Although plaintiffs mistakenly designated defendant as a corporation rather than a limited liability company, we do not find this error affects the requirements for service of process. La. C.C.P. art. 1261 which sets forth the requirements for service of process for registered agents of corporations is virtually identical to La. C.C.P. art. 1266. The only difference is the substitution of the word "corporation" for "limited liability company" and the use of corporate terminology in article 1261 B(1) rather than L.L.C. Based on the striking similarity of language and purpose between La. C.C.P. arts. 1261 and 1266, this court has found that cases under article 1261 may serve as authority for cases arising under article 1266. See Washington v. Premiere Auto., L.L.C., XXXX-XXXX (La.App. 4 Cir. 3/17/04), 872 So.2d 1187.
[1] I pretermit a discussion of the adequacy of the evidence against MB & C to support any judgment against it in light of the defective service on the entity.