CURRAULT, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court, Division “N”, wherein the Honorable James L. Can-nella rendered judgment in favor of defendants and against plaintiff, denying its petition to annul a previous judgment between the same parties.
Defendant, W. & W. Clarklift, Inc., executed a rental agreement with plaintiff, Louisiana Truck Parts, Inc. In executing this agreement, defendant dealt with a Mr. D. Moody who had initiated the contract between the parties and gave the information necessary to complete a credit application. Once the credit application was approved, defendant delivered the equipment to Jefferson Trucking Company and billed plaintiff at Post Office Box 431, Harvey, Louisiana.
Louisiana Truck Parts, however, failed to pay for defendant’s services. W. & W. Clark-lift, Inc. then recovered its equipment and sent a certified letter demanding payment. When payment was not forthcoming, defendant filed suit in the Twenty-Fourth Judicial District Court, Division “G”.
Defendant attempted service on plaintiff’s registered agents but could not make proper service. Relying upon a return of service on the Secretary of State dated May 29, 1980, in accordance with LSA-C. C.P. art. 1262, a preliminary default judgment was entered on July 2, 1980, and confirmed on July 8, 1980. Defendant subsequently attempted to execute on its judgment. However, plaintiff filed a separate action seeking to enjoin the execution of defendant’s judgment and further petitioned to annul that judgment. Plaintiff *734 sought to annul the judgment on the basis of improper service, fraud and ill practices.
At the conclusion' of the hearing and submission of memoranda, the trial court concluded that the service made in the suit was sufficient and that there was no fraud or ill practices. Thus the petition of Louisiana Truck Parts, Inc. to annul the previous judgment rendered in favor of W.W. Clark-lift, Inc. was denied. It is from this judgment that Louisiana Truck Parts, Inc. now appeals.
On appeal, appellant has set forth only one issue:
Whether service upon a Louisiana Corporation through the Secretary of State pursuant to LSA-C.C.P. art. 1262 is adequate where the Secretary omits, contrary to statute, to forward the citation to the corporation’s last known address.
LSA-C.C.P. art. 1262 states:
“If the officer making service certifies that he is unable, after diligent effort, to have service made as provided in Article 1262, then the service may be made personally on the secretary of state, or on a person in his office designated to receive service of process on corporations. The secretary of state shall forward this citation to the corporation at its last known address.”
Appellant argues that LSA-C.C.P. art. 1262, by use of the word “shall”, imposes upon the office of the secretary of state an express, affirmative and active duty to forward citations to corporate defendants. Appellant additionally contends, however, that it is incumbent upon the secretary of state to file the certificate of service, receipt for registered or certified mail, or the returned and unclaimed letter itself in the record. It is appellant’s position that without any evidence in the record of the forwarding of the citation, then mere service upon the Secretary of State is insufficient to form the basis of a judgment. We disagree.
At the trial to annul, appellant in its opening remarks stated that the problem of forwarding the citation and service was a major issue. However, appellant failed to carry his case any further. Instead, appellant simply introduced the record of the prior suit in which appellee obtained the default judgment which served as the basis of the suit to annul.
A stipulation was made by appellant that there were no problems with the actions of appellee in that appellee complied completely with the procedures as dictated by Article 1262 (i.e., due and diligent effort to have defendants served and the subsequent service upon the Secretary of State). Appellant’s only complaint is the Secretary of State’s failure to forward the citation and then place in the record evidence that the service was forwarded. Appellant made conclusionary remarks on the absence of any evidence in the prior record which would demonstrate that the Secretary of State did forward the citation to appellant’s last known address. Then, appellant submitted the service question on memorandum and by introducing the prior record.
We do not agree with appellant’s interpretation of LSA-C.C.P. art. 1262. That article does not place any duty upon the Secretary of State to file into the record any evidence showing that office has forwarded the citation to the corporate defendant’s last known address. LSA-C.C.P. art. 1262 simply requires the Secretary of State to forward the citation of service, nothing more. Absent positive evidence to the contrary, we afford the Secretary of State’s office a presumption of regularity that it is presumed to have carried out its statutory duty. Appellant’s arguments do not persuade us to infer such duty where the legislature has not seen fit to impose such. If the legislature had intended for the Secretary of State to take such actions, then we believe they would have directed him to do so. We interpret LSA-C.C.P. art. 1262 to mean that service is complete when service is made upon the Secretary of State as is directed by that article and return of that service is made part of the record.
It is clear that the plaintiff in a nullity action has the burden of proving his case *735 by a preponderance of the evidence. A preponderance is made when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Roper v. Dailey, 393 So.2d 85 (La.1980). We find appellant’s arguments unconvincing and both records non-supportive. Appellant did not carry his burden of proving his case by a preponderance of the evidence.
Accordingly, for the above stated reasons, the judgment of the trial court dismissing appellant’s petition to annul is hereby affirmed with all costs to be paid by appellant.
AFFIRMED.