EDWARDS, Judge.
Johnny W. King was injured on October 19, 1984, while employed by U.M.C. of Louisiana, Inc., as a millwright-maintenance worker. He filed a worker’s compensation suit against U.M.C. and its insurer, Employers National Insurance Company, and was awarded benefits and medical expenses. Plaintiff received the weekly compensation benefits, but defendants refused to issue a letter of credit to Westpark Hospital guaranteeing payment for an operation recommended by plaintiff’s doctor. King brought this suit to force defendants to guarantee his medical expenses and for attorney’s fees. The trial court ordered defendants to pay all medical bills incurred by plaintiff and awarded King $2,500.00 in attorney’s fees. Defendants appeal, alleging the judgment is a nullity because plaintiff failed to obtain a preliminary default as required by LSA-R.S. 23:1316 and the court lacked personal jurisdiction over de *543 fendants due to improper service of process.
On May 24, 1986, the trial court ordered a hearing for June 12, 1986, regarding defendants’ refusal to guarantee plaintiff’s medical expenses. In his petition, plaintiff requested that the clerk of court serve Employers Casualty Company instead of Employers National Insurance Company. Employers Casualty was served through the Secretary of State on May 29, 1986.* The record does not reflect that service was attempted or made upon U.M.C. On June 12, Mr. King, represented by counsel, appeared before the trial judge; defendants were not present nor represented by counsel. Plaintiff’s counsel made opening statements, elicited testimony and presented evidence to the court, which rendered a judgment against U.M.C. and Employers National Insurance Company for plaintiff’s medical expenses and attorney’s fees of $2,500.00.
The record reflects that the trial court granted a final judgment by default rather than a preliminary judgment under the Worker’s Compensation Statute without fulfilling the requirement under LSA-R.S. 23:1316 which dictates that a preliminary judgment must be entered before a final default judgment is rendered. The judgment awarded by the trial court does not meet the requirements of the preliminary judgment provisions of the Worker’s Compensation Statute. No judgment can be rendered against a defendant who has never answered or made an appearance in the trial court, in the absence of a preliminary default. Vincent v. Forrest Drilling Co., 491 So.2d 797 (La.App. 3d Cir.1986); Bickford v. Lutz, 339 So.2d 1268 (La.App. 1st Cir.1976). Accordingly, we find that the trial court’s judgment is an absolute nullity due to plaintiff’s failure to obtain a preliminary default against defendants. In any event, the court did not have personal jurisdiction over the defendants since U.M. C. was never served and the attempted service against Employers National Insurance Company was defective.
For the reasons discussed above, we vacate the trial court judgment and remand for further proceedings consistent with this opinion. Costs to be borne by appellee.
JUDGMENT VACATED AND REMANDED.

 On May 30, 1986, an attorney representing Employers National Insurance Company, Kirk A. Bergeron, requested a copy of plaintiffs petition from the clerk of court.