802 So.2d 930 (2001)
Bernard THOMAS
v.
QUALITY INN WESTBANK.
No. 01-CA-379.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2001.
*931 Emma Simpson Vaughn, Gretna, LA, Attorney for Appellant Bernard Thomas.
Gregory C. Weiss, Terese M. Bennett, Julie G. Hamner, New Orleans, LA, Attorney for Appellee Quality Inn Westbank.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and CLARENCE E. McMANUS.
JAMES L. CANNELLA, Judge.
Plaintiff, Bernard Thomas, appeals the dismissal of his suit against Defendant, Min Enterprises d/b/a Quality Inn Westbank. We amend and affirm as amended.
According to the record, which was designated by Plaintiff, he filed suit against Defendant on December 18, 1995, asserting mental damages due to the alleged filthy condition of a room which he rented from Defendant[1]. Apparently, Plaintiff served the motel's manager with the suit sometime thereafter. On September 12, 1996, Defendant filed a declinatory exception of insufficiency of service based on Plaintiff's failure to serve the registered agent for service of process, as required by La.C.C.P. art. 1261 A. Plaintiff unsuccessfully attempted service on January 6, 1997. The process server noted that the agent "is seldom at the address" and that he needed another address.
On January 23, 1997, a hearing was held on Defendant's motion to dismiss for insufficient service of process. During the hearing, Plaintiff agreed to serve Defendant by February 7, 1997. Thereafter, the trial judge granted the exception, but ordered Plaintiff to amend his petition with the correct name of Defendant and to obtain service on Defendant through its registered agent, "no later than February 7, 1997."
On February 3, 1997, Plaintiff filed an amended petition correcting the name of the Defendant. Service was not made on the agent. As a result, several letters were sent to Defendant requesting compliance, one of which reiterated the agent's name (Minchon J. Chen) and address. Since service was neither attempted nor obtained, on June 30, 1997, Defendant filed another motion to dismiss based on Plaintiff's failure to comply with the trial judge's order and under La.C.C.P. art. 932. A letter was sent to Plaintiff, which again provided the name and address of the agent. However, Plaintiff did not try to serve the agent until July 19, 1997. At that time, the process server was unable to serve the agent because he was "out of the country."
*932 The next pleading in the record is an ex parte Motion to Dismiss Abandoned Suit under La.C.C.P. art. 561, which was filed on April 3, 2000. The motion asserted that no steps had been taken in the prosecution of the suit since February 19, 1997 and no action had been taken by either party since June 20, 1997, the filing of Defendant's motion to dismiss for failure to comply with the trial court order. That ex parte motion was granted. Pursuant to La.C.C.P. art. 561, Plaintiff opposed the dismissal. On April 6, 1997, the trial judge denied Defendant's motion for abandonment and set the matter set for hearing.
On June 5, 2000, Defendant filed a second Motion to Dismiss asserting that under La.C.C.P. art. 932, the trial court was mandated to dismiss the case for Plaintiffs failure to serve Defendant by February 7, 1997. In addition, Defendant admitted that the suit was not abandoned and filed a motion to vacate the judgment dismissing the case on abandonment.
The various motions were heard on August 2, 2000. During the hearing, the parties agreed that the case was not abandoned. However, the trial judge found that the Plaintiff was not diligent in pursuing service. On August 7, 2000, the trial judge dismissed the Plaintiffs case, without prejudice. Although the judgment is silent, the oral reasons indicate that the dismissal was based on C.C.P. art. 932, Plaintiffs failure to obtain service within the time delay set by the trial court.
On appeal, Plaintiff argues that the trial judge erred in dismissing the case for failing to obtain service and in granting the ex parte motion to dismiss the suit for abandonment.
We first note that the parties and the trial judge agreed that Plaintiff's case was not subject to dismissal for abandonment under La.C.C.P. art. 561. Furthermore, the trial judge set aside the dismissal on April 6, 1997, when he denied the motion for abandonment based on Plaintiffs opposition to the ex parte order and the matter was set for a hearing with the Defendant's motion. However, the trial judge failed to rule on the abandonment issue following the hearing. Thus, we will amend the judgment, by adding that the motion for abandonment is denied.
Second, the record reflects that Plaintiff only twice attempted service on the registered agent for Defendant, although the case was filed in 1995 and he was provided with the agent's name and address in December of 1996. One of those times, January 6, 1997, was before a hearing in which he agreed to obtain service by February 7, 1997. He then made no attempt to obtain service within that time period.
La.C.C.P. art. 932 provides:
When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of Plaintiff, the judgment sustaining the exception shall order the Plaintiff to remove them within the delay allowed by the court.
If the grounds of the objection cannot be so removed, or if the Plaintiff fails to comply with an order requiring such removal, the action shall be dismissed; except that if it has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.
At trial, Plaintiff argued his indigent status as a justification for failing to attempt service and that he believed that the agent for service of process was evading service. However, the reasons given by the process server for his inability to serve the agent do not indicate that the agent was intentionally evading service. In addition, at no time did Plaintiff seek an extension of time or assistance from the trial *933 court. Finally, we agree with the trial judge that two unsuccessful attempts to obtain service in a period of three years does not constitute a diligent attempt at service. Since there was no justification for Plaintiff's failure to obtain service within the time delays set by the trial judge or after, we find that the trial judge did not err in dismissing the case.
Accordingly, the judgment is amended to deny Defendant's Motion to Dismiss Abandoned Suit and is affirmed, in all other respects, as amended. Costs of appeal are to be paid by Plaintiff.
AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] Plaintiff filed a motion to proceed as an indigent without payment of costs pursuant to La.C.C.P. art. 5181 et seq., which was denied.