11 STEWART, J.
The Louisiana Department of Agriculture and Forestry (“LDAF”) appeals a default judgment entered on behalf of Wanda Elkins (“Elkins”) in this workers’ compensation matter. Finding that the plaintiff failed to properly serve the defendant, we reverse.
FACTS
Wanda Elkins was a trapper for the Louisiana Department of Agriculture and Forestry. This job required her to drive a four wheeler and place traps for boll weevils in cotton fields in Northeast Louisiana. She would later return to these traps, clean them and record the number of boll weevils caught. On May 22, 2001, Elkins was performing her job in a field in More-house Parish when her co-worker found her sitting on the ground dazed and complaining of pain in her head. Elkins could not remember what happened, but her coworker reported the situation to the Monroe office supervisor. The co-worker noticed that once Elkins’ foot had been pulled out of her boot it had a tire mark on it.
Nonetheless, LDAF denied Elkins’ workers’ compensation. On January 8, 2002, Elkins filed a 1008 claim against LDAF demanding payment of workers’ compensation indemnity and medical benefits and penalties and attorney fees. A mediation was held January 29, 2002. Freddie Akins (“Akins”), the local state claims handler who handles all claims against the state and its agencies in the area, participated in the mediation, and accepted service on behalf of LDAF. Akins received the citation on February 5, 2002. When LDAF did not respond, Elkins requested the entry of a preliminary default on February 28, 2002. The ^default was confirmed March 11, 2002, and the judgment was signed on March 13, 2002.
LDAF filed an appeal from the confirmation of judgment, but also filed a Petition for Nullity of Judgment which was also denied. LDAF appealed each ruling and the cases were consolidated on appeal.
DISCUSSION

Proper Service

The issue of service of citation requirements is addressed by Louisiana Code of Civil Procedure article 1201 which reads in pertinent part:
A. Citation and service thereof are essential in all civil actions ... without them all proceedings are absolutely null.
B. The defendant may expressly waive citation and service thereof by any written waiver made a part of the record.
Proper citation is the cornerstone of all actions. The law is, moreover, patently clear that actual knowledge cannot supplant the need for strict compliance with the requisites of proper citation. Rivers v. Groth Corp. 95-2509 (La. App. 1 Cir.9/27/96), 680 So.2d 762. La. R.S. 23:1310.3(0) discusses the proper proce *994 dure for citation following mediation in a workers’ compensation matter stating that:
Upon notice from the workers’ compensation mediator that the parties were unable to resolve the dispute, service of process shall be effected on any named defendant in any manner provided by law or by certified mail. All subsequent pleadings requiring service shall also be served in any manner provided by law or by certified mail. A defendant shall file an answer within fifteen days of service of the form or within a delay for answering granted by the workers compensation judge not to exceed an additional ten days. (Emphasis added).
^Following completion of the mediation case report by Doniele Staten on January 29, 2002, Elkins issued a citation to LDAF’s insurer, Office of Risk Management, through adjuster Freddie Akins on January 31, 2002, and Akins accepted service of February 5, 2002. LDAF was not served until March 18, 2002, when it received notice of the confirmation of the default judgment of March 14, 2002. We find that service was defective in this case.
LDAF raises four assignments of error on appeal. However, our finding that service was improper in this matter and that the resulting judgment was a nullity pre-termits any discussion of the other assignments. Proper service is outlined in La. R.S. 23:1312 which provides that:
A. In the case of a suit against the state, service of the petition and the citation shall be made both on the governor and on the attorney general. Payment of the judgment rendered against the state shall be submitted in due course for consideration by the legislature in making appropriations or submitted for payment in accordance with the provision of R.S. 13:5115 through 5119.
B. In the case of suits against any public board, commission, or agency, the director shall serve the president or chairman thereof, or any other officer thereof authorized by law to accept service, by certified mail as required by Section 1310.2, and payment of any judgment rendered against such public board, commission, or agency shall be made in due course by such public board, commission or agency, if duly authorized by law, or in the absence of such authorization, such judgment shall be submitted for payment in accordance with the provisions of R.S. 13:5115 through 5119. In any and all such suits the defenses thereto, and the procedure otherwise, shall be the same as those provided in this Chapter.
The record reveals that Elkins did not serve the Governor, the Attorney General, the director, chairman, or any officer of LDAF. Consequently, the|4service was defective and the preliminary default as well as the default judgment itself are null. Benton v. International Paper Co., 35,977 (La.App.2d Cir.5/8/02), 817 So.2d 443. Benton, supra stands for the proposition that a workers compensation claimant must follow the proper procedural requirements before a default judgment will be confirmed. The plaintiffs claims that Akins has customarily accepted service for the State in mediation proceedings has nothing to do with his ability to accept service in a civil suit against the State. La. R.S. 23:1312 is very clear about the procedure to be followed in filing suit against the state or one of its agencies. Service upon a claims adjuster is not the method proscribed by the statute.
In sum, the default judgment entered in this case was defective because of Elkins’ failure to comply with the requirements of service under Louisiana law. Therefore, confirmation of the default judgment was *995 improper and a judgment of nullity should be granted.
JUDGMENT ANNULLED AND REMANDED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, DREW, and MOORE, JJ.
Rehearing denied.
MOORE, J., would grant rehearing.