MADELINE JASMINE, Judge Pro Tempore.
 

 | ..Barbara Valvo appeals the dismissal of a lawsuit for failure to serve the defendant. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On August 5, 2003, plaintiff, Barbara Ann Valvo, filed suit against her sister Debra Valvo. This tort suit alleged that the defendant destroyed the bond between plaintiff and her mother causing damages to plaintiff. Service was requested to be held at the time the suit was filed. The suit was accompanied by an Application for Pauper Status and on August 5, 2003, an Order was signed granting plaintiff pauper status for one year. On October 30, 2003, a letter was delivered to the Clerk of Court requesting service “as indicated on the last page of the petition.” Although this letter does not appear in the record in chronological order, the record indicates that citation was issued by the Clerk of Court on November 4, 2003. The record further indicates that service was attempted on the defendant on five occasions between November 6, 2003 and November 12, 2003. On November 4, | ⅞2004, plaintiff filed a second Application for Pauper Status and a second Order was signed that same date granting plaintiff pauper status. On December 6, 2004, a letter was mailed to plaintiff stating she had been granted pauper status on November 4, 2004.
 

 On November 19, 2004, defendant filed a Motion to Dismiss for failure to request service pursuant to La. C.C.P. art. 1672(C) or alternatively an exception of insufficiency of service of process. A hearing on this motion was set for February 18, 2005. A minute entry dated February 18, 2005 states that the Motion to Dismiss was continued without date at the request of the attorney for the mover. On December 18, 2007, plaintiff filed Interrogatories propounded to the defendant in the court record, stating that the Interrogatories had been mailed to defendant’s counsel. On February 12, 2008, defendant filed a Motion to Reset the Motion to Dismiss filed on November 19, 2004. The hearing was set for April 21, 2008. On March 25,
 
 *754
 
 2008, plaintiff filed a Request to Change the Hearing Date. This request was granted and the hearing date was changed to May 22, 2008. On April 29, 2008, plaintiff filed a Request to Participate in the Hearing by Phone. Said request was denied by the trial court on May 7, 2008. On May 15, 2008, plaintiff filed a Memorandum in Opposition to the Motion to Dismiss stating that service was timely requested. She stated that when she met with the attorney for her deceased mother’s estate, who works in the same firm as defendant’s attorney, she saw a copy of an Answer to her petition. Plaintiff contends that because an Answer to the petition had been drafted coupled with the fact that she was never notified that the sheriff was unable to serve the defendant, she believed in good faith that the defendant had been served. Defendant filed a reply Memorandum arguing that even if the October 30, 2003 letter was a valid request for service, the Motion to Dismiss should be sustained “in that it is an abuse to the legal system that Barbara |4Ann Valvo has not had Debra Valvo served even to this date although she filed her petition on August 5, 2003.” Defendant goes on to argue that plaintiff only attempted service on the defendant at her residence, although plaintiff was aware of the defendant’s work address.
 

 On May 22, 2008, a hearing on defendant’s motion was held. Plaintiff did not appear. Defendant’s attorney stated that plaintiff tried to have defendant served at home during the day while defendant was at work. At the conclusion of the hearing, the trial judge granted defendant’s motion. On May 27, 2008, the trial court signed a judgment dismissing plaintiffs petition for “lack of service upon Debra Valvo.” This timely appeal followed.
 

 LAW AND DISCUSSION
 

 The defendant filed a motion entitled Motion to Dismiss for Failure to Request Service or Alternatively Exception of Insufficiency of Service of Process. The trial court judgment states that plaintiffs suit was dismissed for “lack of service upon Debra Valvo.”
 

 Pursuant to La. C.C.P. art. 1201(C), “[sjervice of the citation shall be requested on all named defendants within ninety days of the commencement of the action.” If service is not requested within the time pei’iod provided by La. C.C.P. art. 1201(C), La. C.C.P. art. 1672(C) mandates that the action be dismissed without prejudice, “unless good cause is shown why service could not be requested.” Since the trial court record shows plaintiffs request for service was received by the Clerk of Court within 90 days of the filing of the suit articles 1201(C) and 1672(C) are not applicable to the instant case.
 

 La. C.C.P. art. 925 states that insufficiency of service of process may be raised through a declinatory exception. The trial court dismissed the suit for |¡r,failure to serve the defendant, which falls under article 925 Exception of Insufficiency of Service of Process.
 

 Appellant argues that service was not insufficient because the request for service named the proper party and the proper address, was given to the proper authority, and was carried out by the proper authority in the proper manner. While we do not dispute that the request for service was proper, the fact remains that the defendant was never served. The record indicates that five unsuccessful attempts were made shortly after service was requested. The next document in the record, plaintiffs second Application for Pauper Status, was filed into the record nearly one year after the request for service.
 

 Plaintiff, an attorney, is representing herself in this matter. Plaintiff states she was in the hospital with severe medical
 
 *755
 
 conditions that began shortly after suit was filed in 2003 and that she spent all of 2004 rehabilitating from her medical conditions. Because she viewed what she believed to be an answer to her lawsuit when she visited the law firm of defendant’s attorney in 2005, she contends she was in good faith in believing defendant had been
 
 served
 

 [1]
 

 .
 

 In
 
 Thomas v. Quality Inn Westbank,
 
 01-379 (La.App. 5 Cir. 11/27/01), 802 So.2d 930, the plaintiff filed suit and was unsuccessful in serving the defendant. The defendant filed an Exception of Insufficiency of Service of Process. At the hearing on the motion, the trial court ordered plaintiff to obtain service no later than February 7, 1997. Plaintiff again failed to serve defendant and a second hearing was held resulting in the dismissal of plaintiffs suit. In affirming the trial court’s dismissal of plaintiffs suit, this Court stated “We agree with the trial judge that two unsuccessful attempts to obtain service in a period of three years does not constitute a diligent attempt at service.”
 
 Id.
 
 at 933.
 

 |r,In the case at bar, suit was filed on August 5, 2003. Five attempts at service were made between November 6, 2003 and November 12, 2003. No further service was requested or attempted. Plaintiff filed a second Application for Pauper Status on November 4, 2004. Defendant filed a Motion to Dismiss for Failure to Request Service or alternatively an Exception of Insufficiency of Service on November 14, 2004. Plaintiff was served with this motion. In her brief, plaintiff admits that the only attempts at service were made in November 2003. While we do not ignore the seriousness of plaintiffs severe medical conditions, we find that plaintiff was not diligent in attempting to seive defendant. Plaintiffs medical condition did not prevent her from filing a second Application for Pauper Status in November 2004 and should not have prevented her from ascertaining whether defendant had been served. Indeed, as an attorney, plaintiff is aware that service was essential to proceeding with this lawsuit. Thus, we find no error in the trial court’s judgment dismissing plaintiffs suit.
 

 Plaintiff further argues the trial court’s denial of her motion to participate in the hearing on defendant’s motion by telephone violated the equal protection clause of the state constitution and the Louisiana Civil Rights Act for Handicapped Persons
 
 [2]
 
 . We find this issue to be without merit. Plaintiff filed a written opposition to defendant’s motion stating why she believed the defendant had been served and explaining that during the time after she filed suit, she concentrated on recovery from her medical conditions and this “spanned the year 2004 and spring 2005.” She admitted the sheriffs attempts at service were unsuccessful. The trial court dismissed plaintiffs suit because she failed to serve the defendant. On appeal, plaintiff does not state what further information she would have provided to the 17trial court had her request been granted. Thus, she has not shown how she was prejudiced by the trial court’s denial of her request.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of the trial court is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Plaintiff does not explain why she did not review the record to determine whether this purported answer had been filed.
 

 [2]
 

 . We note that plaintiff did not seek supervi-soty review of the trial court’s denial of this request.