MARC E. JOHNSON, Judge.
| gDefendant/Appellant, Wallace Colored School Club (hereinafter referred to as “WCSC”), appeals the denial of a petition for nullity of a judgment in favor of Plaintiff/Appellee, Gerald Bastían, from the 40th Judicial District Court, Division “B”, *681 regarding a certain tract of land. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The WCSC was incorporated on July 10, 1931 to promote education. Over the years, WCSC stopped functioning. On May 15, 1998, the Louisiana Secretary of State revoked the articles of incorporation and franchise of WCSC.
On June 24, 1998, Mr. Bastían filed a petition for declaratory judgment and pos-sessory action against WCSC for a tract of land described as:
A certain lot of ground, situated in the Parish of St. John [t]he Baptist; on the right bank of the Mississippi River, measuring one-half arpent front on said river, by a depth of five arpents, more or less bounded on the upper line by the property now or formerly owned by Victor RAubert, on the lower line by the property now or formerly owned [by] Albert Aubert and others;
Less and Except: A certain portion of the ground owned by Gerald Bastían, measuring one-half arpent by two ar-pents in depth, more or less, which property comprises the southernmost portion of the above described tract.
The petition stated that the whereabouts of WCSC or its agents, heirs or assigns were unknown and requested that an attorney be appointed as curator on behalf of WCSC. WCSC was served through the secretary of state with the petition on July 15, 1998. The secretary of state, through its administrator, notified Mr. Bastian’s attorney through a letter dated July 16,1998 that no further action could be taken until the domicile address of WCSC was provided in writing.
The trial court appointed attorney J. Bradley Duhe to represent the absent defendant, WCSC, in accordance with LSA-C.C.P. arts. 5091, et seq. As curator for WCSC, Mr. Duhe attested that he searched the secretary of state’s database and found that the charter and franchise of WCSC had been revoked and had no active and/or living registered agent listed for the service of process. Mr. Duhe also attested to the following: publishing two notices in the official journal of St. John the Baptist Parish, L’Observateur; being contacted by individuals representing themselves to be heirs or descendants of the original incorporators of WCSC; and requesting a continuance in order to provide additional time for those individuals to assert their rights.
After a hearing on the matter, the trial court granted Mr. Bastian’s petition on June 6, 2001 by finding that he had been in possession of the tract of land for more than 30 years without interruption, named him as the owner of the land formerly owned by WCSC, and ordered the Clerk of Court and Recorder of Mortgages and Conveyances for the Parish of St. John to record the judgment.
14Years later, WCSC’s articles of incorporation were reinstated on July 21, 2006 by the secretary of state, and the May 15, 1998 revocation was set aside. WCSC filed a petition for nullity, injunction and damages against Mr. Bastían on January 22, 2007, asserting the June 6, 2001 judgment was an absolute nullity under LSA-C.C.P. arts. 2001 and 2002 because it was never served with the citation or petition. Additionally, the petition asserted the June 6, 2001 judgment was a relative nullity under LSA-C.C.P. art. 2004 because Mr. Bastían obtained it through fraud or ill practices by seeking the appointment of a curator without making a diligent effort to serve the corporate entity. Mr. Bastían filed a peremptory exception of res judica-ta, a rule for contempt, and a motion for abuse of process on March 1, 2007. The *682 trial court overruled the exception of res judicata and declined to rule on the motions for contempt and abuse of process because of the lack of testimony and evidence brought before the court concerning those issues on August 30, 2007.
On July 14, 2010, Mr. Bastían filed peremptory exceptions of peremption and no right action. Mr. Bastían averred that WCSC’s attempt to nullify the June 6, 2001 judgment was preempted because the action was not brought within one year of the discovery of the alleged fraud or ill practice. Mr. Bastían further averred that Marie Jackson, in her capacity as the corporate secretary for WCSC, had no right to file the petition for nullity because WCSC was defunct at the time the June 6, 2001 judgment was rendered. After a hearing on the exceptions held on August 19, 2010, the trial court overruled Mr. Bas-tian’s exceptions of no right of action and peremption for absolute nullity pursuant to LSA-C.C.P. art. 2002. However, the trial court granted Mr. Bastian’s exception of peremption for relative nullity pursuant to LSA-C.C.P. art. 2004 on September 1, 2010. WCSC filed a |smotion for a new trial, which was denied by the trial court on September 15, 2010 due to prematurity.
The hearing for WCSC’s petition for nullity was held on September 17, 2010. In its judgment, the trial court found WCSC was properly served via the secretary of state because no other mechanism in which to serve the corporation existed, and Mr. Bastían had no choice but to look to LSA-C.C.P. art. 1262 and serve the secretary of state. While recognizing that the actual notice of the suit to the corporation through the secretary of state was problematic because no address was provided for WCSC, the trial court found that WCSC was an absent corporation and appointed a curator. Ultimately, the trial court found that WCSC was properly served, had notice of the suit, and had a curator to protect its interests. The trial court denied WCSC’s petition for nullity on September 28, 2010. The instant appeal followed.
ASSIGNMENTS OF ERROR
On appeal, WCSC alleges two assignments of error: 1) the trial court erred in failing to nullify the June 6, 2001 judgment awarding the property at issue to Mr. Bas-tían when he failed to provide an address for WCSC after a formal request made by the secretary of state in order to serve the citation of the petition to WCSC’s last known address under LSA-C.C.P. art. 1262, and 2) the trial court erred in ruling that the one-year peremptive period was not suspended for the then defunct WCSC to challenge the June 6, 2001 judgment for relative nullity under LSA-C.C.P. art. 2004 for fraud or ill practice.
LAW AND ANALYSIS

Service of the corporation

WCSC argues the trial court erred in failing to nullify the June 6, 2001 judgment because the curator, Mr. Duhe, served the heirs or descendants of the | (¡original incor-porators of WCSC and not WCSC. Since there were no active and/or living registered agents of service of process, WCSC contends that it should have been served by the curator through the secretary of state pursuant to LSA-C.C.P. arts. 1261 and 1262. However, WCSC further contends Mr. Bastían failed to provide the secretary of state with a last known address for WCSC as requested in its July 16, 1998 letter. Because WCSC contends that it was not properly served through the secretary of state, it further argues the trial court erred in failing to nullify the June 6, 2001 judgment because it is an absolute nullity under LSA-C.C.P. art. 2002.
LSA-C.C.P. art. 5091, provides in pertinent part,
*683 A.The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
(2) The action of proceeding is in rem and:
(b) The defendant is a corporation, a limited liability company, or partnership on which process cannot be served for any reason.
LSA-C.C.P. art. 1261 provides,
A. Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
B. If the corporation has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods:
(1) By personal service on any officer, or director, or on any person named as such in the last report filed with the secretary of state.
(2) By personal service on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted.
(3) By service of process under the provisions of R.S. 13:3204, if the corporation is subject to the provisions of R.S. 13:3201.
C. Service of citation or other process on a bank is made pursuant to R.S. 6:285(C).
LSA-C.C.P. art. 1262 further provides,
|7If the officer making service certifies that he is unable, after diligent effort, to have service made as provided in Article 1261, then the service may be made personally on the secretary of state, or on a person in his office designated to receive service of process on corporations. The secretary of state shall forward this citation to the corporation at its last known address.
In the instant case, Mr. Bastían alleged he did not know the whereabouts of any of the agents, heirs or assigns of WCSC and petitioned the trial court to appoint an attorney curator. Robert Le-venstein, Mr. Bastian’s former attorney, served the secretary of state after being unable to make service upon WCSC, which is what LSA-C.C.P. 1262 allows. The co-dal article mandates that the secretary of state forward the citation to the corporation at its last known address. Although the secretary of state notified Mr. Bas-tian’s attorney that it was unable to take any further action until WCSC’s domicile address was provided, the article does not mandate that the officer making service upon the secretary of state provide the domicile address. The plaintiffs responsibility to effect service is complete whenever service is made on the secretary of state. Louisiana Truck Parts, Inc. v. W & W Clarklift, Inc., 444 So.2d 733 (La.App. 5th Cir.1984). According to the article, Mr. Bastían fulfilled his duties, and it was incumbent upon the secretary of state to forward the citation to WCSC’s last known address. WCSC was properly served through the secretary of state.
Even if Mr. Bastían had provided a domicile address to the secretary of state, WCSC would not have received service of the petition because it was defunct and all of the incorporators and agents were deceased. At that particular time, there was no one to receive service on behalf of *684 WCSC. In addition to the service of the petition on the secretary of state and WCSC’s appointed curator, Mr. Duhe, the heirs of the incorporators of WCSC were notified of the suit. One heir, Ms. IsDardnella M. Clark, received a copy of the petition. This was done by Mr. Duhe to exhibit the due diligence in the attempt to serve WCSC with Mr. Bastian’s petition.
Therefore, we do not find that the trial court erred in denying WCSC’s petition for nullity because it was properly served through the execution of service to the secretary of state. As such, the June 6, 2001 judgment was not an absolute nullity due to lack of service of the petition.

One-year peremptive period

WCSC argues the trial court erred in ruling that the one-year peremptive period was not suspended because Mr. Bas-tían made a fraudulent assertion that he had physical possession of the property for 30 years. WCSC contends the assertion is fraudulent because Mr. Bastían testified that he stored trucks, cars, and other vehicles on the property that were owned by C.B.B. & L. Refuse Collection, an unrelated incorporated company. As such, WCSC contends the company used the property in question for six years, thus interrupting Mr. Bastian’s acquisitive prescription.
LSA-C.C.P. art. 2004 states, “[a] final judgment obtained by fraud or ill practices may be annulled.” It further states that “[a]n action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.” (Emphasis added). The one-year limitation to annul a judgment is considered as a period of peremption rather than prescription. Russland Enterprises, Inc., v. City of Gretna, 98-676 (La.App. 5 Cir. 1/26/99); 727 So.2d 1223.
In the instant matter, WCSC, through its heirs, knew of the alleged fraud of Mr. Bastían since, at least, 1999. Ms. Clark executed a notice of receipt of the copy of Mr. Bastian’s petition on November 23, 1999. Consequently, WCSC had one year from the June 6, 2001 judgment to file an action to annul the judgment. |9WCSC did not file a petition for nullity until July 17, 2006, well after the one-year peremptive period.
Therefore, we do not find the trial court erred in applying the one-year peremptive period to WCSC’s claim that Mr. Bastían employed fraud or ill practices.
DECREE
For the foregoing reasons, we affirm the trial court’s denial of Wallace Colored School Club’s petition for nullity in favor of Gerald Bastían. Each party is to bear the respective costs incurred for this appeal.

AFFIRMED