Judge Rosemary Ledet
_JjThis is a workers’ compensation case. The defendant, A-l St. Bernard Taxie & Delivery, LLC (“A-l”), appeals the August 4, 2016 judgment of the Louisiana Office of Workers’ Compensation (the “OWC”)' rendered in favor of the claimant, Veronica Gordon. For the reasons that follow, we reverse and remand for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
On May 2, 2015, Ms. Gordon was involved in a motor vehicle accident while working as an independent contractor for A-l. At the time of the accident, Ms. Gordon was driving a cab owned by A-l. Three days later, she sought treatment at the emergency room for pain in her left arm, shoulder, neck, and back.
On August 17, 2015, Ms. Gordon filed a disputed claim for compensation—a Form 1008—against A-l (the “Original Claim”). In the Original Claim, she alleged that A-l *496 failed to pay wage benefits and to authorize medical treatment. In- addition to wage and medical benefits, she sought penalties and attorney’s fees. Also in the Original Claim, Ms. Gordon listed A-l’s contact information for |gservice as follows: “Attention Vincent Rizzuto, 3301 Delille Street in Chalmette, Louisiana.” On August 31, 2016, the OWC notified Ms, Gordon’s attorney that service on A-l was unable to be perfected at that location. The OWC also requested that Ms. Gordon provide it with either.the correct address or the name of the registered agent for service of process for service to be reissued.
On September 8, 2015, Ms. Gordon filed an amended disputed claim for compensation (the “First Amended Claim”). In the First Amended Claim, she listed A-l’s and Mr. Rizzuto’s address as “227 W. Genie Street, Chalmette, Louisiana.” On October 16, 2015, the OWC notified Ms. Gordon’s attorney that service could not be perfected at that location. The OWC further explained in the notification that Ms. Gordon’s claim could not proceed until service was perfected and it informed her that she could file a motion to appoint a private process server.
On December 21, 2015, the OWC, sua sponte, ordered that Ms. Gordon show cause why her claim should not be dismissed for failure to prosecute. The record is devoid of a ruling on the dismissal for failure to prosecute. One week later, however, Ms. Gordon filed a motion to appoint Jeff Toepfer as special process server, which the OWC granted. • •
On February 3, 2016, Ms. Gordon filed a second disputed claim for compensation (the “Second Amended Claim”), in which she changed A-l’s and Mr. Rizzuto’s address to “3201 Delille Street, Chalmette, Louisiana.” On- that same date, she filed a “Motion to Appoint Louisiana Secretary of State as Agent for Service of -Process.” In her motion, Ms. Gordon stated that Mr. Toepfer made ^several unsuccessful attempts to serve A-l’s agent'for-service of process; a copy of Mr. Toepfer’s affidavit was attached to Ms. Gordon’s motion. Thereafter, the OWC granted Ms. Gordon’s motion and appointed the Secretary of State as A-l’s agent for service of process. On February 10, 2016, the Secretary of State transmitted, by certified mail, the Second Amended Claim to A-l’s last known mailing address.
On April 25, 2016, the OWC again ordered Ms. Gordon to show cause why her claim should not be dismissed for faitee to prosecute. A minute entry reflects that on May 12, 2016, the OWC denied the motion. Four days later, the OWC scheduled a telephone status conference, which was held on June 22, 2016.[1] On that same date, the OWC judge issued a scheduling order and set an August 2,2016 trial date.[2]
On the scheduled trial -date, a trial against A-l proceeded without either counsel or any representative of A-l being present.[3] Ms. Gordon was the only witness *497 to testify at trial. At the close of Ms. Gordon’s case, the OWC ruled in her 14favor.[4] On August 3, 2016, A-l’s attorney filed a motion to enroll. On August 4, 2016, the OWC granted A-l’s attorney’s motion to enroll and rendered a judgment in Ms, Gordon’s favor.[5] Thereafter, the OWC denied A-l’s motion for new trial. This appeal followed.
STANDARD OF REVIEW
In workers’ compensation cases, the standard of review to be applied by an appellate court to the OWC’s findings of fact is the manifest error-clearly wrong standard. Orozco v. Aries Bldg. Sys., Inc., 16-0187, p. 5 (La. App. 4 Cir. 9/28/16), 202 So.3d 1018, 1022, writ denied, 16-1949 (La. 12/16/16), 212 So.3d 1173 (citing Dean v. Southmark Constr., 03-1061, p. 7 (La. 7/6/04), 879 So.2d 112, 117). “ ‘When legal error interdicts the fact-finding process in a workers’ compensation proceeding, the de novo, rather than the manifest error, standard of review applies.’ ” Orozco, 16-0187 at p. 5, 202 So.3d at 1023 (quoting MacFarlane v. Schneider Nat’l Bulk Carriers, Inc., 07-1386, p. 3 (La. App. 4 Cir. 4/30/08), 984 So.2d 185, 188).
DISCUSSION
Although A-l raises six assignments of error on appeal,[6] we find this appeal pres *498 ents two issues: (i) whether A-l was properly served; and (ii) whether the OWC erred in rendering judgment in Ms. Gordon’s favor.
A-l contends that it was never properly served with Ms. Gordon’s citation or any of her disputed claims for compensation. A-l argues that there was only one attempt to serve its registered agent at its agent’s proper address before Ms. lfiGordon sought service through the Secretary of State. A-l further argues that service was never perfected by the Secretary of State because the certified mail containing the citation was never delivered; rather, the tracking information showed it was still in transit to its destination at the time of trial. According to A-l, the OWC erred in rendering judgment against A-l when it was never served as required by law. A-l thus contends that the OWC’s judgment must be annulled.
Ms. Gordon counters that service on A-l was perfected when the Secretary of State forwarded the citation to A-l’s last known address. According to Ms. Gordon, the law “simply requires the Secretary of State to forward the citation of service, nothing more.” Louisiana Truck Parts, Inc. v. W & W Clarklift, Inc., 444 So.2d 733, 734 (La. App. 5th Cir. 1984); see also Bastian v. Wallace Colored Sch. Club, 11-708, p. 7 (La. App. 5 Cir. 5/8/12), 99 So.3d 680, 683. Furthermore, she contends that Mr. Riz-zuto, A-l’s registered agent, received notice of the trial date, yet he failed to retain counsel or appear at trial. Given A-l was served as required by law and had notice of the trial, Ms. Gordon submits that the OWC’s judgment was correct.
A judgment rendered against a defendant who has not been served with process as required by law is an absolute nullity, and the judgment shall be annulled. La. C.C.P. art. 2002(A)(2);[7] Brown v. Unknown Driver, 05-0421, p. 11 (La. App. 4 Cir. 1/18/06), 925 So.2d 583, 590 (citing Advanta Bank Corp. v. First Mount Zion Baptist Church, 03-732, p. 4 (La. App. 5 Cir. 12/30/03), 865 So.2d 165, 167); see also Tunnard v. Simply S. Homes, L.L.C., 07-0945, p. 3 (La. App. 1 Cir. 3/26/08), 985 So.2d 166, 168. In ordinary civil actions, the requirements for service of process upon a limited liability company are set forth in La. C.C.P. art. 1266, which provides as follows:
A. Service of citation or other process on a domestic or foreign limited liability company is made by personal service on any one of its agents for service of process.
B. If the limited liability company has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods:
(1) Personal service on any manager if the management of the limited liability company is vested in one or more managers or if management is not so vested in managers, then on any member.
(2) Personal service on any employee of suitable age and discretion at any place where the business of the limited liability company is regularly conducted.
*499 (3) Service of process under the provisions of R.S. 13:3204, if the limited liability company is subject to the provisions of R.S. 13:3201.[8]
| ¡¡In workers’ compensation cases, service may also be made on a named defendant by certified mail. See La. R.S. 23:1310.3(B);[9] see also Jefferson Par. Hosp. Serv. Dist. No. 2 v. K & W Diners, LLC, 10-767, p. 7 (La. App. 5 Cir. 4/12/11), 65 So.3d 662, 666-67.
“Proper citation is the cornerstone of all actions. The law is, moreover, patently clear that actual knowledge cannot supplant the need for strict compliance with the requisites of proper citation.” Elkins v. Louisiana Dep’t of Agric. & Forestry, 36,829, p. 2 (La. App. 2 Cir. 3/5/03), 839 So.2d 992, 993 (citing Rivers v. Groth Corp. 95-2509, p. 2 (La. App. 1 Cir. 9/27/96), 680 So.2d 762, 763). Nonetheless, when service on an agent for service of process cannot be effectuated with due diligence, a process server may be appointed. La C.C.P. art. 1266(B). After the process server certifies his inability to make service in accordance with Article 1266, a plaintiff may alternatively serve the Secretary of State. La. C.C.P. |Bart. 1267;[10] see also Kallauner v. One Source Const., LLC, 08-0883, p. 3 (La. App. 4 Cir. 10/8/08), 995 So.2d 59, 61 (noting that “[according to La. C.C.P. art. *500 1266, service pursuant to La. C.C.P. art. 1266 B may only be used where service pursuant to La. C.C.P. art. 1266 A cannot be effectuated with due diligence.”). This court in Kallauner • further noted that “the process server must certify that he was ‘unable, after due diligence, to serve the designated agent’ before an alternative means of service becomes acceptable;’” 08-0883 at p. 3, 995 So.2d at 61 (quoting La. C.C.P. art. 1266) (emphasis in original); see also Willis v. TMB P’ship, 45,813, p. 5 (La. App. 2 Cir. 12/15/10), 56 So.3d 324, 327 (noting that “[o]nly after some form of ‘diligent effort’ or ‘due diligence’ has failed to identify such a person, may an alternative method of service be utilized.”);' Given the Secretary of State was substituted for service, the issue thus turns on whether a diligent effort was first made to serve A-l’s registered agent.
Louisiana law neither defines “diligent effort” nor “due diligence.” Whether a diligent effort has been made to effect service of process depends on the circumstances of the case. 2 Steven R. Plotkin and Mary Beth Akin, LA. PRAC. CIV. PROC., Article 1262 (2016 ed.) (citing Alaynick v. David Reiss, M.D., 482 So.2d 58 (La. App. 5th Cir. 1986).[11] Courts have found a lack of due diligence in Incases where service has been attempted on multiple occasions. See Louisiana Dist. Council of Assemblies of God, Inc. v. Victory Temple Assembly of God, 376 So.2d 169, 171 (La. App. 4th Cir. 1979); Thomas v. Quality Inn Westbank, 01-379, p. 5 (La. App. 5 Cir. 11/27/01), 802 So.2d 930, 933; see also Valvo v. Valvo, 08-622, p. 6 (La. App. 5 Cir. 1/13/09), 7 So.3d 752, 755.
In Victory Temple, the process server made six attempts at service on the church corporation defendant. 376 So.2d at 170. Thereafter, service was made on the Secretary of State. Id. On appeal, the appellate court held that the six attempts to serve did not constitute the required “diligent effort” since no attempt was made on a Sunday morning when church services were conducted. Victory Temple, 376 So.2d at 171. Due to the ineffective.service,'the appellate court annulled the trial court’s granting of a, default judgment. Id.
In Thomas, the process server noted that the agent “is seldom at the address” and that he needed another address. 01-379 at p. 2, 802 So.2d at 931. After a hearing on the defendant’s motion to dismiss for insufficient service of process, the trial court ordered the plaintiff to amend his petition with the correct name of the defendánt and to obtain service through its registered agent by a specified date. Id. The plaintiff, however, did not try to serve the agent until after the court-specified date; and, at that time, the process server was unable to serve the agent' because he was “out of the country.” Thomas, 01-379 at p. 3, 802 So.2d at 931. Thereafter, the trial court found that the plaintiff was not diligent in pursuing service and dismissed the case. Thomas, 01-379 at p. 4, 802 So.2d at 932. On appeal, the appellate court held that “two unsuccessful attempts to obtain service in a period of [nthree years does not constitute a diligent attempt at service.” Thomas, 01-379 at p. 5, 802 So.2d at 933.
In Valvo, the plaintiffs request for service was proper—it had named the proper party and the proper address, service was *501 given to the proper authority, and service was carried out by the proper authority in the proper manner. 08-622 at p. 5, 7 So.3d at 754. After five unsuccessful attempts at service were made within one week, no further service was requested or attempted. Valvo, 08-622, pp. 5-6, 7 So.3d 752, 754-55. The trial court, thereafter, granted the defendant’s motion to dismiss for lack of service. Valvo, 08-622 at p. 4, 7 So.3d at 754. In affirming the judgment, the appellate court found that the “plaintiff was not diligent in attempting to serve defendant.” Valvo, 08-622 at p. 6, 7 So.3d at 755.
Here, the record reflects that A-l’s registered agent listed with the Secretary of State was Mr. Rizzuto, whose address was stated as “3201 Delille Street, Chalmette, Louisiana.” Ms. Gordon’s Original Claim, however, provided the OWC with an incorrect address for Mr. Rizzuto—“3301 De-lille Street.”[12] After service was unable to be perfected at that incorrect address,[13] Ms. Gordon’s First Amended Claim provided the OWC with A-l’s domicile and mailing address listed with the Secretary of State—“227 W. Genie Street.” The certified mail transmitted by the OWC to that location, however, was returned as “Unclaimed.”
The OWC made two unsuccessful attempts at service, both of which were at incorrect addresses for Mr. Rizzuto. - Following those attempts, Mr. Toepfer was | ^appointed as special process server. In his affidavit regarding his attempts at serving Mr. Rizzuto, Mr. Toepfer attested as follows:
[O]n the [sic] January 18, 2016 and January 25, 2016, he attempted personal service of a certified copy of the Citation and Disputed Claim in the above captioned action under LA CCP Art. 1266 through its agent for service of process, Vincent Rizzuto. On January 18, 2016 he attempted to serve at 3301 Delille St., Chalmette, LA and there was no response. On January 25, 2016 he had no response to delivery at 227 W. Genie St., and 3201 Delille St., no one was available for service.
Thereafter, the Secretary of State was substituted for service for A-l.
Based on the record on appeal, we find that an adequate showing of a diligent effort to serve A-l, pursuant to La. C.C.P. arts. 1266 and 1267, was not made. Initially, Ms. Gordon failed to provide the OWC ■with Mr. Rizzuto’s correct address. Then, as A-l points out, Mr, Toepfer was appointed; and he made only a single attempt to serve Mr. Rizzuto at his correct address. At that time, no qne was available to accept service. Furthermore, Ms. Gordon provided the OWC with Mr. Rizzuto’s correct address on the same day that she requested the Secretary of State be substituted for service. Contrary to Ms. Gordon’s contentions, A-l was not properly served with the citation, and notice of the trial date does not constitute sufficient service. Thus, substituting service on the Secretary of State was improper. Given that A-l was never properly served, the OWC’s judgment is an absolute nullity pursuant to La. C.C.P. art. 2002(A)(2).
A-l contends that, even assuming service through the Secretary of State was proper, the OWC erred in rendering a final judgment of default when Ms. Gordon failed to file a motion for preliminary default. As noted elsewhere- in this opinion, *502 the August 2, 2016 minute entry indicates that a motion hearing was held to confirm a default judgment.
| ^Although the rules of evidence and procedure are relaxed in workers’ compensation proceedings, such proceedings are nonetheless lawsuits that must be conducted in conformity with the accepted standards of practice and procedure. See Dick v. B & B Cut Stone Co., L.L.C, 40,441, p. 6 (La. App. 2 Cir. 12/14/05), 917 So.2d 1191, 1195 (citing Taylor v. Tommie’s Gaming, 04-2254, p. 5 (La. 5/24/05), 902 So.2d 380, 383); see also Chapman v. Lalumia, 154 So.2d 93 (La. App. 4th Cir. 1963) (noting that “[w]hile the technical rules of evidence and procedure may be relaxed somewhat in a compensation case, such a case is nevertheless a lawsuit and the rules of practice prescribed by the Code of Civil Procedure and the jurisprudence may not be disregarded entirely.”). A final judgment rendered against a defendant against whom a valid default judgment has not been taken is an absolute nullity. La. C.C.P. art. 2002(A)(2). It is well-settled that this article applies only to technical defects of the form of the judgment or procedure. Ganey v. RMH Cable, Inc, 99-460, pp. 10-11 (La. App. 3 Cir. 10/13/99), 745 So.2d 123, 129 (citing National Income Realty Trust v. Paddie, 98-2063 (La. 7/2/99), 737 So.2d 1270, 1271). In workers’ compensation cases, those procedures require that a preliminary default must be entered before a default judgment may be confirmed; and a judgment entered without a preliminary default having been taken is an absolute nullity. King v. Employers Cas. Co., 515 So.2d 542, 543 (La. App. 1st Cir. 1987). Here, it is undisputed that Ms. Gordon failed to move for a preliminary default.
Ms. Gordon, however, counters that La. R.S. 23:1317(A) explicitly allows the OWC to proceed to a trial on the merits in the absence of the entry of a default judgment. As Ms. Gordon points out, the final judgment indicates that a trial on the merits occurred.
114Louisiana Revised Statute 23:1317(A) provides as follows:
If an answer has been filed within the delays allowed by law or granted by the workers’ compensation judge, or if no judgment has been entered as provided in R.S. 23:1316[14] at the time for hearing or any adjournment thereof, the workers’ compensation judge shall hear the evidence that may be presented by each party. Each party shall have the right to be present at any hearing or to appear through an attorney. The workers’ compensation judge shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence and all compensation payments provided for in this Chapter shall mean and be defined to be for only such injuries as are proven by competent evidence, or for which there are or' have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself: The workers’ compensation judge shall decide the merits of the controversy as equitably, summarily, and simply as may be.
In this case, A-l had not filed an answer and a default judgment was not entered against it. According to La. R.S. *503 23:1317(A), A-l had a right to be present at any hearing. The OWC, however, proceeded with trial without either counsel or any representative for A-l present. Contrary to Ms. Gordon’s contentions, we find that the scenario presented here falls outside the scope of La. R.S. 23:1317. Given our finding that the OWC erred in rendering judgment in Ms. Gordon’s favor, we pretermit the other assignments of error raised by A-l.
DECREE
For the foregoing reasons, the judgment of the Louisiana Office of Workers’ Compensation is reversed and this case is remanded for further proceedings.
REVERSED AND REMANDED

. The record contains no indication that counsel or a representative for A-l participated in the status conference.

. The record reflects that on July 8, 2016, Mr. Rizzuto received the notice of trial date and scheduling order.

. Observing A-l’s failure to appear, the OWC stated on the record the following:
[T]he Defendant Vincent Rizzuto has been served with the Green Card attached to the Record for today's hearing. And he is not present this morning.
He apparently is not represented by Counsel. And he has honored the Court by calling five minutes ago. We-start at 9:30 and he called about five till 10:00 said he'd be here in an hour. That’s not going to fly we’re going to go ahead and proceed and so you carry on, sir.

. Although the final judgment states that a trial occurred, the August 2, 2016 minute entry indicates that a motion hearing was held to confirm a default judgment.

. The August 4, 2016 judgment found, in pertinent part, as follows:
• On May 2, 2015, Ms. Gordon was involved in a motor vehicle accident while she was in the course and scope of her employment with A-l;
• The injuries Ms. Gordon sustained or aggravated as a result of the May 2, 2015 motor vehicle accident are com-pensable injuries under the Louisiana Workers Compensation statutes;
• Ms. Gordon is entitled to all past, present and future medical treatment necessitated by her compensable injuries from the May 2, 2015 work accident, for which A-l is responsible;
• A-l is responsible for all travel expenses related to Ms. Gordon’s medical treatment;
• A-l is responsible for all Ms. Gordon’s pharmaceutical and prescription expenses;
• Ms. Gordon is entitled to temporary total disability payments;
• Ms. Gordon’s average weekly wage was $124.30 at the time of the accident, with a corresponding weekly compensation rate of $82.87;
• As of the date of trial the outstanding temporary total disability payments total $5,469.42;
• A-l failed to initiate medical benefits and temporary total disability payménts and failed to reimburse Ms. Gordon for her travel expenses;
• A-l is assessed a penalty of $6,000.00 for all violations; and
• Attorney’s fees are assessed in the amount of $25,000.00.

.On appeal, A-l raises the following six assignments of error:
1. The OWC erred in rendering a judgment against A-l when service of the citation had not been perfected in accordance with La. C.C.P. art. 1267.
2. The OWC erred in failing to allow A-l five (5) working days to comment on the proposed judgment before rendering a final judgment as required under Louisiana Rule of Court 9.5.
3. The OWC erred in granting a final judgment against A-l when Ms. Gordon failed to file a motion for preliminary ' default.
4. The OWC erred in refusing to annul the final judgment, which is contrary to law and evidence, and by failing to grant Al’s request for a new trial.
5. The OWC erred in allowing counsel for Ms. Gordon to admit uncertified medical records into evidence at trial.
6. The OWC erred in finding that Ms. Gordon met her burden of proof at trial regarding the merits of her claim for confirming a default judgment.

. La. C.C.P. art. 2002(A)(2) provides as follows:
A. A final judgment shall be annulled if it is rendered:
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.

. See also Washington v. Premiere Auto., L.L.C., 03-1614, pp. 4-5 (La. App. 4 Cir. 3/17/04), 872 So.2d 1187, 1190. In Washington, this court recognized that there are no differences of substance between La. C.C.P. arts. 1261 and 1266. Article 1261 provides as follows:
A. Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
B. If the corporation has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods:
(1) By personal service on any officer, or director, or on any person named as such in the last report filed with the secretary of state.
(2) By personal service on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted.
(3) By service of process under the provisions of R.S. 13:3204, if the corporation is subject to the provisions of R.S. 13:3201.
C. Service of citation or other process on a bank is made pursuant to R.S. 6:285(C).
This court further observed that "the only differences being the substitution of the word ‘corporation’ for ‘limited liability company' and the use of corporate terminology in 1261 B(l) rather than L.L.C. terminology.” Washington, 03-1614 at pp. 4-5, 872 So.2d at 1190. This court thus found that "based on the striking similarity of language and purpose between La. C.C.P. art. 1261 and 1266,” cases under 1261 may serve as authority for cases arising under 1266.” Washington, 03-1614 at p. 5, 872 So.2d at 1190.

. • La. R.S, 23:1310.3(B) provides as follows:
Upon receipt of the form, the director shall assign the matter to a district. Upon receipt of the form, a district office shall effect service of process on any named defendant in any manner provided by law or by certified mail. All subsequent pleadings requiring service shall also be served in any manner provided by law or by certified mail. A defendant shall file an answer within fifteen days of service of the form or within a delay for answering granted by the workers’ compensation judge not to exceed an additional ten days.

. La. C.C.P. art. 1267 provides as follows:
If the officer making service certifies that he is unable, after diligent effort, to have service made as provided in Article 1266, then the service may be made personally on the secretary of state, or on a person in his office designated to receive service of process on limited liability companies. The secretary of state shall forward this citation to the limited liability company at its last known address.

, La. C.C.P, art, 1262 provides as follows;
If the officer making service certifies- that ..he is unable, after diligent effort, to,have service made as provided in Article ,1261, then the service may be made personally on the secretaty of state, or on a person in his office designated to receive service of process on corporations, The secretary of state shall forward this citation to the corporation at its last known address.

. In her brief on appeal, Ms. Gordon concedes that A-l's address for service listed in her -Original Claim was incorrect; however, she characterized this as a “scrivener's error.”

. The record reflects that the Original Claim, which was sent by certified mail, was "Refused and Unable to Forward."

. La. R.S. 23:1316 provides as follows:
If a defendant in the principal or incidental demand fails to answer within the time prescribed by law or the time extended by the workers’ compensation judge, and upon proof of proper service having been made, judgment by default may be entered against him. The judgment shall be obtained by written motion.